UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL RODIO,<br><br>        Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br><br>        Defendant. | Civil Action No. 04 CV 10006 WGY |

## ANSWER

Defendant R.J. Reynolds Tobacco Company ("RJRT"), hereby answers the Complaint of the Plaintiff, Michael Rodio ("Rodio") as follows:

1. Upon information and belief, RJRT admits the allegations of Paragraph 1 of the Complaint.

2. Defendant RJRT admits that it is a foreign corporation and it operates a Regional Sales Office for the Boston Sales Region at 1500 West Park Drive, Westborough, Worcester County, Commonwealth of Massachusetts.

3. RJRT admits that Rodio was first employed by RJRT on October 12, 1976 in an entry-level sales representative position and that Rodio continued his employment with RJRT until October 28, 2002. Except as herein admitted, RJRT denies the allegations of Paragraph 3 of the Complaint.

4.      RJRT admits that at the time of his termination, Rodio was a regular, full-time employee earning a bi-weekly salary of $1,853.77. RJRT further admits that in addition to his salary, Rodio was eligible to receive a bonus based on the Company's financial performance and market share, *and* Rodio's individual performance rating. Except as herein admitted, RJRT denies the allegations of Paragraph 4 of the Complaint.

5.      RJRT admits the allegations of Paragraph 5 of the Complaint.

6.      RJRT denies the allegations of Paragraph 6 of the Complaint.

7.      RJRT realleges its answers to Paragraphs 1-6 of the Complaint and incorporates them by reference as if fully set forth herein.

8.      RJRT denies the allegations of Paragraph 8 of the Complaint.

9.      RJRT denies the allegations of Paragraph 9 of the Complaint.

10.     RJRT denies the allegations of Paragraph 10 of the Complaint.

11.     RJRT realleges its answers to Paragraphs 1-10 of the Complaint and incorporates them by reference as if fully set forth herein.

12.     RJRT denies the allegations of Paragraph 12 of the Complaint.

13.     RJRT denies the allegations of Paragraph 13 of the Complaint.

14.     RJRT denies the allegations of Paragraph 14 of the Complaint.

15.     RJRT realleges its answers to Paragraphs 1-14 of the Complaint and incorporates them by reference as if fully set forth herein.

16.     RJRT states that the best evidence of the plaintiff's August 4, 2003, letter is the letter itself and as such denies the allegations of Paragraph 16 of the Complaint.

17.    RJRT states that the best evidence of defendant's counsel's August 12, 2003, letter is the letter itself and as such denies the allegations of Paragraph 17 of the Complaint.

18.    RJRT denies the allegations of Paragraph 18 of the Complaint.

19.    RJRT denies the allegations of Paragraph 19 of the Complaint.

20.    Except as specifically admitted herein, RJRT denies each and every factual allegation and claim for relief.

RJRT, having fully answered the allegations of the Plaintiff's Complaint, herein sets forth the following FURTHER DEFENSES:

### FIRST DEFENSE

To the extent that the Complaint fails to state claims for which relief may be granted, it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that all personnel actions taken by RJRT involving Plaintiff were undertaken in good faith and for legitimate business reasons and not in violation of the laws or public policy of the Commonwealth of Massachusetts.

### THIRD DEFENSE

Plaintiff was not deprived of any vested rights or earned compensation due him.

### FOURTH DEFENSE

Plaintiff's claims for compensatory damages are barred in whole or in part to the extent that he may have failed to mitigate his damages.

## FIFTH DEFENSE

The Plaintiff's claims for punitive damages with respect to all claims should be stricken to the extent that they are barred by state law and/or applicable provisions of the Constitution of the United States.

## SIXTH DEFENSE

Plaintiff committed employment-related misconduct which bars Plaintiff's claims.

## SEVENTH DEFENSE

Plaintiff's claims for violations of M.G.L. c. 93A are barred because such claims arise out of and in connection with his employment relationship with RJRT.

## EIGHT DEFENSE

Plaintiff's claims are barred, in whole or in part, by his unclean hands and/or failure to do equity.

## NINTH DEFENSE

To the extent that the Plaintiff's claims are barred by the applicable statute of limitations, they should be dismissed.

## TENTH DEFENSE

To the extent that Plaintiff's claims are barred by the doctrines of latches or estoppel, they should be dismissed.

RJRT, having fully answered the allegations of the Complaint and having set forth its Further Defenses, hereby prays the Court for the following relief:

1.  That Plaintiff's Complaint be dismissed in its entirety;
2.  That Plaintiff have and recover nothing of RJRT;

Case 1:04-cv-10006-JGD   Document 2   Filed 01/12/2004   Page 5 of 5

3. That RJRT be awarded its costs in this action, including reasonable attorneys' fees; and

4. That RJRT be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

*[signature]*

Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. State Bar No. 2774
Kristine M. Howard, N.C. State Bar No. 26903
Candice S. Wooten, N.C. State Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: January 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on all attorneys of record by first class mail this 9th day of January, 2004

*[signature]*
Mark H. Burak