MAS-20030912                 Commonwealth of Massachusetts                    01/13/2004
walsh_r                        WORCESTER SUPERIOR COURT                        08:51 AM
                                      Case Summary
                                      Civil Docket

## WOCV2003-02337
### Rodio v RJ Reynolds Tobacco Company

| File Date | 12/03/2003 | Status | Disposed: transferred to other court (dtrans) |
|---|---|---|---|
| Status Date | 01/06/2004 | Session | A - Civil A (12 Worcester) |
| Origin | 1 | Case Type | B99 - Misc tort |
| Lead Case | | Track | F |

| Service | 03/02/2004 | Answer | 05/01/2004 | Rule12/19/20 | 05/01/2004 |
|---|---|---|---|---|---|
| Rule 15 | 05/01/2004 | Discovery | 09/28/2004 | Rule 56 | 10/28/2004 |
| Final PTC | 11/27/2004 | Disposition | 01/26/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Michael Rodio
Active 12/03/2003

**Defendant**
RJ Reynolds Tobacco Company
1500 West Park Ride Drive
Service pending 12/03/2003

**Private Counsel 437820**
Michael S Sahady
373 North Main Street
Fall River, MA 02720
Phone: 508-674-9444
Fax:
Active 12/03/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/03/2003 | 1.0 | Complaint & civil action cover sheet filed-CJ |
| 12/03/2003 | | Origin 1, Type B99, Track F. |
| 12/03/2003 | | Filing fee paid in the amount of $240.00, surcharge in $15.00 including $20.00 security fee.($275.00) |
| 01/06/2004 | 2.0 | Deft. R. J. Reynolds Tobacco Co. notice of removal to the US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/06/2004 | Civil A (12 Worcester) | Status: Review Annual Fee<br>Send Notice | |

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2337 A | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|
| **PLAINTIFF(S)** MICHAEL RODIO | | **DEFENDANT(S)** R.J. REYNOLDS TOBACCO COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael S. Sahady, Esquire Sahady Associates, P.C., 373 No. Main St. Fall River, MA 02720  508 674-9444 Board of Bar Overseers number: 437820 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful termination and 93A action | ( ) | (xx) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   **Subtotal** $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . . .
**TOTAL** $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

**TOTAL** $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]   DATE: 11-20-03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.   FILED DEC - 3 2003
ATTEST: [signature] CLERK

SUPERIOR COURT
CIVIL ACTION NO:

03-2337

MICHAEL RODIO )
       Plaintiff )
)
vs. )
)
R.J. REYNOLDS TOBACCO COMPANY )
       Defendant )
)

### *PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL*

**The parties**

1. The plaintiff is MICHAEL RODIO, a natural person residing at Wrentham, Norfolk County, Commonwealth of Massachusetts.

2. The defendant, R.J. REYNOLDS TOBACCO COMPANY, hereinafter referred to as R.J. REYNOLDS, is a foreign corporation doing business at 1500 West Park Drive, Westborough, Worcester County, Commonwealth of Massachusetts.

**Factual Allegations**

COUNT I

3. The plaintiff, MICHAEL RODIO, worked as a sales representative for R.J. REYNOLDS for twenty-six (26) years namely from October 12, 1976 to October 28, 2002, when he was wrongfully terminated.

4. The plaintiff, MICHAEL RODIO, had worked for the twenty-six years on a full-time basis and was paid about One Thousand ($1,000.00) Dollars a week.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

5. The employment of the plaintiff by the defendant, R.J. REYNOLDS, was on an at-will basis.

6. The plaintiff was wrongfully terminated on October 28, 2002 without the expiration of a reasonable period following the notice of termination contrary to the laws of the Commonwealth of Massachusetts.

WHEREFORE, the plaintiff, MICHAEL RODIO, requests that the Court ascertain plaintiff's damages and enter judgment for him in that amount.

## COUNT II

7. The plaintiff realleges and reavers the allegations contained in paragraphs 1 through 6 and incorporates them herein by reference.

8. On October 28, 2002, the defendant, R.J. REYNOLDS, in violation of the covenant of good faith and fair dealing wrongfully discharged the plaintiff, MICHAEL RODIO, from its employ after twenty-six (26) years of good and faithful service to the defendant tobacco company.

9. As a result of his wrongful discharge from the employ of the defendant tobacco company, the plaintiff lost raises and bonuses, lost auto benefits, lost insurance coverage, lost retirement benefits, lost profit sharing benefits, lost social security contributions, lost stock options, lost vacation time and many other benefits to which he would have been otherwise entitled had he not been wrongfully terminated.

10. The plaintiff, MICHAEL RODIO, has suffered humiliation, mental and emotional suffering, and distress, and has suffered diminution of future earning capacity, for all of which he claims damages from the defendant, R.J. REYNOLDS.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

WHEREFORE, the plaintiff, MICHAEL RODIO, requests that the Court ascertain plaintiff's damages and enter judgment for him in that amount.

## COUNT III

11. The plaintiff realleges and reavers the allegations contained in paragraphs 1 through 10 and incorporates them herein by reference.

12. On October 28, 2002, MICHAEL RODIO, was wrongfully terminated from the employ of the defendant, R.J. REYNOLDS after twenty-six (26) years.

13. The plaintiff's wrongful termination was contrary to good public policy in that the defendant, R.J. REYNOLDS had prodded and urged him to pedal cigarettes below the minimum price legally set by the Commonwealth of Massachusetts.

14. The termination was contrary to public policy in that the plaintiff had been warning the company regarding the inflation of its earnings and insider trading based on these inflated stock prices.

WHEREFORE, the plaintiff, MICHAEL RODIO, requests that the Court ascertain plaintiff's damages and enter judgment for him in that amount.

## COUNT IV

15. The plaintiff realleges and reavers the allegations contained in paragraphs 1 through 14 and incorporates them herein by reference.

16. By letter dated August 4, 2003, forwarded to the defendant under the provisions of Chapter 93A of the General Laws of the Commonwealth of Massachusetts, the plaintiff demanded relief from the defendant for the losses that he suffered as a result of

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

defendant's wrongful termination of him, a copy of which letter is annexed hereto and made a part hereof and marked as Exhibit 1.

17. By letter dated 8/12/03, counsel for the defendant, and on behalf of the defendant, refused to grant or offer any relief to the plaintiff, a copy of defendant's counsel letter to plaintiff's counsel is annexed hereto and made a part hereof and is marked as Exhibit 2.

18. The defendant, R.J. REYNOLDS, knew or should have known that its actions in firing the plaintiff constituted wrongful termination and relief under Chapter 93a of the General Laws should have been granted.

19. Defendant's refusal to fairly compensate the plaintiff for his damages is a willful act of unfair business practices and is made in bad faith.

WHEREFORE, the plaintiff requests that the Court determine the fair and adequate compensation due the plaintiff and award him three times that amount as per the provisions of Chapter 93A of the General Laws of the Commonwealth of Massachusetts, together with his costs and attorney's fees.

THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.

By his attorney,

*Michael S. Sahady*
Michael S. Sahady
373 North Main Street
Fall River, MA 02720
508-674-9444
BBO#437820

Dated: November 19, 2003

A true copy by photostatic process
Attest: *Mauptruford*
Asst. Clerk

SAHADY ASSOCIATES, P.C.
COUNSELLORS AT LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

## SAHADY ASSOCIATES, P.C.
Counsellors at Law

Michael S. Sahady
John M. Sahady
Paul M. Sahady

399 North Main Street
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

August 4, 2003

Mr. G.R. Deschenes
Senior Manager
Sales Employment Practices
R.J. REYNOLDS
401 N. Main Street
Winston-Salem, NC 27102

Re: Michael Rodio v. R.J. Reynolds Tobacco Company
No: 03BEM01129

*DEMAND FOR RELIEF UNDER THE PROVISIONS OF
CHAPTER 93A OF THE GENERAL LAWS
OF THE COMMONWEALTH OF MASSACHUSETTS*

Dear Sir:

Please be advised that I represent Mr. Michael Rodio in his claim against R.J. Reynolds Tobacco Company and others. Please consider this letter as a demand for relief under the provisions of Chapter 93A of the General Laws of the Commonwealth of Massachusetts.

The factual basis of this claim for relief under the provisions of Chapter 93A is in part as follows:

Mr. Rodio was wrongfully terminated from employment with your company on or about October 29, 2002 after twenty-six (26) years of devoted and faithful service to this corporation. The termination of Mr. Rodio, who was an employee at will,

1. was against the covenant of good faith and fair dealing;
2. was in violation of public policy; and
3. was without reasonable notice.

You have acted in bath faith in your termination of Mr. Rodio's employment when he was on the brink of retirement with all its accrued benefits after 26 years of service to your company. You have been overreaching in your relations with Mr. Rodio in that your bad faith termination of his employment will cause the forfeiture by this employee of benefits almost earned for the very substantial services that he has rendered to your company for 26 years. You have acted in violation of the laws of the Commonwealth as enunciated by our Supreme Judicial Court in <u>Fortune v. National Cash Register</u>, 373 Mass. 96, 364 N.E.2d 1251, and <u>King v. Driscoll</u>, 424 Mass. 1; 673 N.E.2d 859. That your termination of Mr. Rodio's employment is pretextual, has already been determined to have been so by a competent department of the Commonwealth, namely the Department of Labor and Workforce Development, Division of Employment and Training in its decision dated January 31, 2003. Your abusive exercise of employer power has devastated Mr. Rodio's life emotionally, psychologically, physically, and financially. He has lost wages for lack of reasonable notice in your termination of him; he has been made to forfeit benefits almost earned by him for the substantial services he had rendered, and these benefits include lost raises and bonuses, lost auto benefits, lost insurance coverage, lost retirement benefits, lost profit sharing benefits, lost social security contributions, lost stock options, lost vacation time, and all other benefits to which he would have been otherwise entitled had he not been wrongfully terminated. He has suffered humiliation, mental and emotional suffering and distress, and has suffered diminution of future earning capacity.

All of the above damages are claimed from you also because Mr. Rodio's termination was against public policy. His termination was contrary to public policy in that you pushed and urged him to peddle your cigarettes below the minimum price legally set by the State and for his warnings regarding the inflation of the company's earnings and insider trading of its stock.

Based upon all the facts of Mr. Michael Rodio's case, your termination of him was wrongful and was an unfair and deceptive act, all in violation of Chapter 93A of the General Laws. Your deceptive act and practices outlined in this correspondence have been done willfully and in knowing violation of Mass. G.L. c. 93A which subjects you to double or triple damages. Mr. Rodio has calculated his damages to be well over $1,000,000.00 for loss of all benefits mentioned above. Mr. Rodio, therefore, hereby demands triple damages pursuant to c. 93A of the General Laws, namely damages in the amount of $3,000,000.00 plus interest and reasonable attorney's fees.

You should rest assured that we will pursue you to a verdict failing your adequate compensation of Mr. Michael Rodio for the losses which your unfair and deceptive acts and wrongful termination have caused him to suffer.

If within thirty (30) days of your receipt of this letter you do not agree to compensate Mr. Rodio for his mentioned losses, I shall then commence an action against you claiming triple damages.

Very truly yours,

Michael S. Sahady

MSS/app

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

A true copy by photostatic process
Attest: *Mary Stafford*
Asst. Clerk

# CONSTANGY, BROOKS & SMITH, LLC
ATTORNEYS AT LAW
100 N. CHERRY STREET
SUITE 300
WINSTON-SALEM, NORTH CAROLINA 27101
TELEPHONE (336) 721-1001 • FACSIMILE (336) 748-9112
IN CHARLOTTE CALL (704) 344-1040
www.constangy.com

August 12, 2003

Michael S. Sahady
399 North Main Street
Fall River, Massachusetts 02720

RE: Michael Rodio v. R.J. Reynolds Tobacco Company

Dear Mr. Sahady:

This firm represents R.J. Reynolds Tobacco Company (the "Company") in connection with certain employment matters and I am responding to your letter of August 4 to Mr. Deschenes regarding the above captioned matter. Mr. Rodio's termination was for legitimate and lawful reasons. His termination was not in violation of Chapter 93A of the General Laws of the Commonwealth of Massachusetts or any other State or Federal law. As such your demand is rejected.

In light of my representation of the Company, please direct any further correspondence regarding Mr. Rodio to my attention.

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

Very truly yours,

[signature]
W. R. Loftis, Jr.

WRL,Jr./te
Enc.

ARLINGTON, VA   ATLANTA, GA   BIRMINGHAM, AL   COLUMBIA, SC   JACKSONVILLE, FL
KANSAS CITY, MO   LAKELAND, FL   MACON, GA   NASHVILLE, TN   TAMPA, FL   WINSTON-SALEM, NC

## COMMONWEALTH OF MASSACHUSETTS

BR~~ISTOL~~, SS  
Worcester, ss

SUPERIOR COURT DEPARTMENT  
OF THE TRIAL COURT

MICHAEL RODIO,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY

    Defendant.

Civil Action No. 03-02337-A

04cv10006 WGY

### NOTICE TO STATE COURT OF REMOVAL

    PLEASE TAKE NOTICE that R.J. Reynolds Tobacco Company, named as defendant in the above-styled action, has on January 5, 2004, filed a Notice of Removal, a certified copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the District of Massachusetts which is incorporated herein by reference.

    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of said Notice of Removal in the United States District Court, together with the filing of a copy of that Notice of Removal with the Clerk of this Court, effects removal of the above-styled action to

B507628.1

the United States District Court, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

*Sandra E. Kahn*

Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. State Bar No. 2774
Kristine M. Howard, N.C. State Bar No. 26903
Candice S. Wooten, N.C. State Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: January 5, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served to all attorneys of record by first class mail this 5th day of January, 2004.

*Sandra E. Kahn*
Sandra E. Kahn

A true copy by photostatic process
Attest: *Mary Strufeld*

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Michael Rodio

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael S. Sahady  508-674-9444
373 North Main St., Fall River, MA 02720

### DEFENDANTS
R.J. Reynolds Tobacco Company

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2004 JAN -5 P 2:46
U.S. DISTRICT COURT
DIST. OF MASS.

Attorneys (If Known)
Mark H. Burak, Sandra E. Kahn
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place, 1601 Trapelo Rd, Waltham, MA
02451  (781) 622-5930

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S.Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Wrongful termination of employment, violation of the covenant of good faith and fair dealing termination contrary to public policy, violation of M.G.L. c.93A

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: January 5, 2004
SIGNATURE OF ATTORNEY OF RECORD
Sandra E. Kahn

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

A true copy by photo...
Attest: _____
Asst. Clerk

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

A true copy by photostatic process
Attest: /s/ Mary Strufund

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Michael Rodio v. R.J. Reynolds Tobacco Company.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark, or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior claim action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐    ☐ Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

6. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? – (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☒    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

7. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Mark H. Burak, Sandra E. Kahn

ADDRESS Morse, Barnes-Brown, & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, MA 02451

TELEPHONE NO. 781-690-0760

A true copy by photostatic process
Attest: /s/ Mary [illegible]
Asst. Clerk