UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL RODIO,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,

    Defendant.

Civil Action No.

**04 - 10006 WGY**

## NOTICE OF REMOVAL

R. J. Reynolds Tobacco Company ("RJR"), defendant named in the above-styled action, hereby files its Notice of Removal which shall effect a removal of this action to the United States District Court for the District of Massachusetts:

1.    On or about November 19, 2003, a civil action was filed in the Superior Court of Massachusetts, County of Worcester, entitled <u>Michael Rodio v. R. J. Reynolds Tobacco Company</u>, Civil Docket No. 03-2337-A. On or about December 17, 2003, counsel for RJR accepted service of process and a copy of the complaint in the aforementioned action. Copies of the Summons, Complaint, Acceptance of Service and Civil Action cover sheet are being filed herewith as Exhibit A.

2.    The above-captioned action is one within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, in that complete diversity exists between Plaintiff and the Defendants.

B507536v1

3.   Defendant RJR was, at the time this action was commenced, and still is a New Jersey Corporation, with its principal place of business in the State of North Carolina, and was not and is not a citizen of the Commonwealth of Massachusetts wherein this action was brought.

4.   Plaintiff Michael Rodio was, at the time this action was commenced, and still is, a citizen and resident of the Commonwealth of Massachusetts (Complaint, ¶1), and was not and is not a citizen of the State of New Jersey or the State of North Carolina.

5.   In a letter to defendant in August, 2003, plaintiff demanded in excess of $75,000 to settle his claims. Accordingly, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000).

6.   This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is a civil action between citizens of different states wherein the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7.   This action is removable to this Court by defendant RJR pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because this Court has original jurisdiction over it, this Notice of Removal is filed within 30 days of service of the complaint upon RJR, and the Commonwealth Court in which this action is commenced is within this Court's district and division.

8.   A Notice to State Court of Removal, along with a copy of this Notice, will be filed with the Superior Court of Worcester County, Massachusetts, and a copy of that Notice to State Court is attached to this Notice as Exhibit B. Said Notice to State Court and a copy of this Notice will also be served upon plaintiff.

9.   Defendant will file with the Court attested copies of all records, proceedings and docket entries in the state court within thirty (30) days, pursuant to Local Rule 81.1.

WHEREFORE, RJR respectfully removes the aforesaid action to the United States District Court for the District of Massachusetts, in accordance with 28 U.S.C. § 1441, et seq.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

*Sandra E. Kahn*

Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. State Bar No. 2774
Kristine M. Howard, N.C. State Bar No. 26903
Candice S. Wooten, N.C. State Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: January 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served to all attorneys of record by first class mail this 5th day of January, 2004

*Sandra E. Kahn*

Sandra E. Kahn

A true copy by photostatic process
Attest: *Mauyltufad*
Asst. Clerk

-3-

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2337-A

MICHAEL RODIO )
)
)
)
Plaintiff (s) )
) **SUMMONS**
v. )
)
R.J. REYNOLDS TOBACCO COMPANY )
)
Defendant (s) )

\*   To the above-named Defendant:

You are hereby summoned and required to serve upon....Michael..S............
....Sahady,..Esquire............................................................, plaintiff's attorney,
whose address is .399..North..Main..Street,..Fall..River,..MA..02720.............
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...12th..............
day of .........December.............................in the year of our Lord two thousand and
...Three...................

A true copy by photostatic process
Attest: *[signature]*
Asst Clerk

*[signature]*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................................................
20..............., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

Dated: ................................................., 20.................... .

**N.B. TO PROCESS SERVER:**

    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**



COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.
Superior Court
Civil Action
No. 03-2337-A

MICHAEL RODIO .................. Plaintiff

v.

R.J. REYNOLDS TOBACCO COMPANY .................. Defendant

SUMMONS
(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest:

**Commonwealth of Massachusetts**
**County of Worcester**
**The Superior Court**

CIVIL DOCKET # WOCV2003-02337-A

RE: Rodio v RJ Reynolds Tobacco Company

TO: Michael S Sahady, Esquire
373 North Main Street
Fall River, MA 02720

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/02/2004 |
| Response to the complaint filed (also see MRCP 12) | 05/01/2004 |
| All motions under MRCP 12, 19, and 20 filed | 05/01/2004 |
| All motions under MRCP 15 filed | 05/01/2004 |
| All discovery requests and depositions completed | 09/28/2004 |
| All motions under MRCP 56 served and heard | 10/28/2004 |
| Final pre-trial conference held and/or firm trial date set | 11/27/2004 |
| Case disposed | 01/26/2005 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "A" sitting in **Rm 12 (Session A) Worcester Superior Court.**

Dated: 12/08/2003

Francis A. Ford,
Clerk of Courts

BY:

Joanne C. Herring
Assistant Clerk

Location: Rm 12 (Session A)
Telephone: 508-770-1899, Ext. 181 or Ext. 121 (Session Clerk)

A true copy by photostatic process
Attest: [signature]

Check website as to status of case: http://ma-trialcourts.org/tcic

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| MICHAEL RODIO | R.J. REYNOLDS TOBACCO COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Michael S. Sahady, Esquire<br>Sahady Associates, P.C., 373 No. Main St.<br>Fall River, MA 02720  508 674-9444<br>Board of Bar Overseers number: 437820 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful termination and 93A action | ( ) | (xx) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................. $............
   2. Total Doctor expenses .............................................. $............
   3. Total chiropractic expenses ......................................... $............
   4. Total physical therapy expenses ..................................... $............
   5. Total other expenses (describe) ..................................... $............
      Subtotal $............
B. Documented lost wages and compensation to date ........................... $............
C. Documented property damages to date .................................... $............
D. Reasonably anticipated future medical and hospital expenses ................. $............
E. Reasonably anticipated lost wages ....................................... $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $............
   TOTAL $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 11-30-03

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                         SUPERIOR COURT
                                                       CIVIL ACTION NO:

MICHAEL RODIO                )
      Plaintiff          )
                             )
vs.                          )
                             )
R.J. REYNOLDS TOBACCO COMPANY)
      Defendant          )
                             )

*PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL*

### The parties

1. The plaintiff is MICHAEL RODIO, a natural person residing at Wrentham, Norfolk County, Commonwealth of Massachusetts.

2. The defendant, R.J. REYNOLDS TOBACCO COMPANY, hereinafter referred to as R.J. REYNOLDS, is a foreign corporation doing business at 1500 West Park Drive, Westborough, Worcester County, Commonwealth of Massachusetts.

### Factual Allegations

### COUNT I

3. The plaintiff, MICHAEL RODIO, worked as a sales representative for R.J. REYNOLDS for twenty-six (26) years namely from October 12, 1976 to October 28, 2002, when he was wrongfully terminated.

4. The plaintiff, MICHAEL RODIO, had worked for the twenty-six years on a full-time basis and was paid about One Thousand ($1,000.00) Dollars a week.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 673-0144
FAX: (508) 673-8430

5. The employment of the plaintiff by the defendant, R.J. REYNOLDS, was on an at-will basis.

6. The plaintiff was wrongfully terminated on October 28, 2002 without the expiration of a reasonable period following the notice of termination contrary to the laws of the Commonwealth of Massachusetts.

WHEREFORE, the plaintiff, MICHAEL RODIO, requests that the Court ascertain plaintiff's damages and enter judgment for him in that amount.

COUNT II

7. The plaintiff realleges and reavers the allegations contained in paragraphs 1 through 6 and incorporates them herein by reference.

8. On October 28, 2002, the defendant, R.J. REYNOLDS, in violation of the covenant of good faith and fair dealing wrongfully discharged the plaintiff, MICHAEL RODIO, from its employ after twenty-six (26) years of good and faithful service to the defendant tobacco company.

9. As a result of his wrongful discharge from the employ of the defendant tobacco company, the plaintiff lost raises and bonuses, lost auto benefits, lost insurance coverage, lost retirement benefits, lost profit sharing benefits, lost social security contributions, lost stock options, lost vacation time and many other benefits to which he would have been otherwise entitled had he not been wrongfully terminated.

10. The plaintiff, MICHAEL RODIO, has suffered humiliation, mental and emotional suffering, and distress, and has suffered diminution of future earning capacity, for all of which he claims damages from the defendant, R.J. REYNOLDS.

SAHADY ASSOCIATES, P.C.
COUNSELLORS AT LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8130

## SAHADY ASSOCIATES, P.C.
Counsellors at Law

Michael S. Sahady  
John M. Sahady  
Paul M. Sahady

399 North Main Street  
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

August 4, 2003

Mr. G.R. Deschenes  
Senior Manager  
Sales Employment Practices  
R.J. REYNOLDS  
401 N. Main Street  
Winston-Salem, NC 27102

Re: Michael Rodio v. R.J. Reynolds Tobacco Company  
No: 03BEM01129

*DEMAND FOR RELIEF UNDER THE PROVISIONS OF  
CHAPTER 93A OF THE GENERAL LAWS  
OF THE COMMONWEALTH OF MASSACHUSETTS*

Dear Sir:

Please be advised that I represent Mr. Michael Rodio in his claim against R.J. Reynolds Tobacco Company and others. Please consider this letter as a demand for relief under the provisions of Chapter 93A of the General Laws of the Commonwealth of Massachusetts.

The factual basis of this claim for relief under the provisions of Chapter 93A is in part as follows:

Mr. Rodio was wrongfully terminated from employment with your company on or about October 29, 2002 after twenty-six (26) years of devoted and faithful service to this corporation. The termination of Mr. Rodio, who was an employee at will,

1. was against the covenant of good faith and fair dealing;
2. was in violation of public policy; and
3. was without reasonable notice.

You have acted in bath faith in your termination of Mr. Rodio's employment when he was on the brink of retirement with all its accrued benefits after 26 years of service to your company. You have been overreaching in your relations with Mr. Rodio in that your bad faith termination of his employment will cause the forfeiture by this employee of benefits almost earned for the very substantial services that he has rendered to your company for 26 years. You have acted in violation of the laws of the Commonwealth as enunciated by our Supreme Judicial Court in Fortune v. National Cash Register, 373 Mass. 96, 364 N.E.2d 1251, and King v. Driscoll, 424 Mass. 1; 673 N.E.2d 859. That your termination of Mr. Rodio's employment is pretextual, has already been determined to have been so by a competent department of the Commonwealth, namely the Department of Labor and Workforce Development, Division of Employment and Training in its decision dated January 31, 2003. Your abusive exercise of employer power has devastated Mr. Rodio's life emotionally, psychologically, physically, and financially. He has lost wages for lack of reasonable notice in your termination of him; he has been made to forfeit benefits almost earned by him for the substantial services he had rendered, and these benefits include lost raises and bonuses, lost auto benefits, lost insurance coverage, lost retirement benefits, lost profit sharing benefits, lost social security contributions, lost stock options, lost vacation time, and all other benefits to which he would have been otherwise entitled had he not been wrongfully terminated. He has suffered humiliation, mental and emotional suffering and distress, and has suffered diminution of future earning capacity.

All of the above damages are claimed from you also because Mr. Rodio's termination was against public policy. His termination was contrary to public policy in that you pushed and urged him to peddle your cigarettes below the minimum price legally set by the State and for his warnings regarding the inflation of the company's earnings and insider trading of its stock.

Based upon all the facts of Mr. Michael Rodio's case, your termination of him was wrongful and was an unfair and deceptive act, all in violation of Chapter 93A of the General Laws. Your deceptive act and practices outlined in this correspondence have been done willfully and in knowing violation of Mass. G.L. c. 93A which subjects you to double or triple damages. Mr. Rodio has calculated his damages to be well over $1,000,000.00 for loss of all benefits mentioned above. Mr. Rodio, therefore, hereby demands triple damages pursuant to c. 93A of the General Laws, namely damages in the amount of $3,000,000.00 plus interest and reasonable attorney's fees.

You should rest assured that we will pursue you to a verdict failing your adequate compensation of Mr. Michael Rodio for the losses which your unfair and deceptive acts and wrongful termination have caused him to suffer.

If within thirty (30) days of your receipt of this letter you do not agree to compensate Mr. Rodio for his mentioned losses, I shall then commence an action against you claiming triple damages.

Very truly yours,

Michael S. Sahady

MSS/app

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

A true copy by photostatic process
Attest: [signature]

# CONSTANGY, BROOKS & SMITH, LLC

ATTORNEYS AT LAW
100 N. CHERRY STREET
SUITE 300
WINSTON-SALEM, NORTH CAROLINA 27101
TELEPHONE (336) 721-1001 • FACSIMILE (336) 748-9112
IN CHARLOTTE CALL (704) 344-1040
www.constangy.com

August 12, 2003

Michael S. Sahady
399 North Main Street
Fall River, Massachusetts 02720

RE: Michael Rodio v. R.J. Reynolds Tobacco Company

Dear Mr. Sahady:

This firm represents R.J. Reynolds Tobacco Company (the "Company") in connection with certain employment matters and I am responding to your letter of August 4 to Mr. Deschenes regarding the above captioned matter. Mr. Rodio's termination was for legitimate and lawful reasons. His termination was not in violation of Chapter 93A of the General Laws of the Commonwealth of Massachusetts or any other State or Federal law. As such your demand is rejected.

In light of my representation of the Company, please direct any further correspondence regarding Mr. Rodio to my attention.

Very truly yours,

W. R. Loftis, Jr.

A true copy by photostatic process
Attest:
Asst.

WRL,Jr./te
Enc.

ARLINGTON, VA     ATLANTA, GA     BIRMINGHAM, AL     COLUMBIA, SC     JACKSONVILLE, FL
KANSAS CITY, MO     LAKELAND, FL     MACON, GA     NASHVILLE, TN     TAMPA, FL     WINSTON-SALEM, NC

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NUMBER: 03-2337-A

| | |
|---|---|
| MICHAEL RODIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ACCEPTANCE OF SERVICE |
| ) | |
| R.J. REYNOLDS ) | |
| TOBACCO COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is to certify that the undersigned counsel for defendant R.J. Reynolds Tobacco Company, has been authorized to accept service of process and service of a copy of the complaint in the above-entitled civil action, and pursuant to defendant's express authority, has this date accepted service of a copy of the summons and complaint in this civil action; that such acceptance of service was made inside the state of North Carolina; that the undersigned is more than eighteen (18) years of age and is not under any mental disability; that by acceptance of such process, defendant submits itself to the jurisdiction of the Commonwealth of Massachusetts Superior Court.

This the 17th day of December 2003.

A true copy by photostatic proc...
Attest:
Asst. Clerk

_____
Attorney for Defendant
William R. Loftis, Jr., Esq.
CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

MICHAEL RODIO,

Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY

Defendant.

Civil Action No. 03-02337-A



## NOTICE TO STATE COURT OF REMOVAL

PLEASE TAKE NOTICE that R.J. Reynolds Tobacco Company, named as defendant in the above-styled action, has on January 5, 2004, filed a Notice of Removal, a certified copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the District of Massachusetts which is incorporated herein by reference.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of said Notice of Removal in the United States District Court, together with the filing of a copy of that Notice of Removal with the Clerk of this Court, effects removal of the above-styled action to

B507628.1

the United States District Court, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

*Sandra E. Kahn*
Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. State Bar No. 2774
Kristine M. Howard, N.C. State Bar No. 26903
Candice S. Wooten, N.C. State Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: January 5, 2004

A true copy by photostatic process
Attest: *Mary Strafuss*
Asst. Clerk

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served to all attorneys of record by first class mail this ___ day of January, 2004.

_____
Sandra E. Kahn