IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO. 04-10006-JDG

FILED
CLERKS OFFICE

2004 OCT -1  P 4: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MICHAEL RODIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT R.J. REYNOLDS'** |
| ) | **MOTION TO COMPEL PURSUANT** |
| R.J. REYNOLDS ) | **TO Fed. R. Civ. P. 37 & L.R. 37.1** |
| TOBACCO COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant R.J. Reynolds Tobacco Company ("RJR"), by and through counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, as well as Local Rule 37.1, herby respectfully moves this Court for an order compelling the Plaintiff to fully comply with Defendant's First Set of Interrogatories to Plaintiff (Interrogatories No. 1, 2, and 3) and Defendant's First Set of Requests for Production of Documents to Plaintiff (Request No. 1). In support of this Motion, Defendant states as follows:

1.  The Plaintiff filed the present action against the Defendant in the Superior Court Division of the Commonwealth of Massachusetts, Worcester County, on November 19, 2003. Plaintiff's complaint alleges that Defendant wrongfully terminated Plaintiff in violation of public policy. The action was removed to this Court on January 5, 2004.

2.  Defendant served a timely answer upon the Plaintiff on January 12, 2004, denying the allegations contained in the complaint.

1

3. On February 10, 1004, Defendant served Plaintiff with Defendant's First Set of Interrogatories to Plaintiff, as well as Defendant's First Set of Requests for Production of Documents to Plaintiff. (Exhibits A & B).

4. W.R. Loftis, counsel for the Defendant, consented to a 30-day extension of time within which to allow Plaintiff to respond to Defendant's discovery requests in correspondence dated March 15, 2004. (Exhibit C). . Plaintiff's responses, therefore, were due on April 10, 2004. No further extensions were consented to by counsel for the Defendant, nor did Plaintiff request any further extensions.

5. However, over two weeks after Plaintiff's discovery responses were due, on April 26, 2004, Plaintiff served Plaintiff's Answers to Defendant's First Set of Interrogatories, as well as Plaintiff's Response to Defendant's Request for Production of Documents, upon Defendant. (Exhibit D & E).

6. In addition to being untimely, thereby waiving any objection to the discovery requests held by Plaintiff, many of Plaintiff's answers to Defendant's interrogatories and production requests were non-responsive. Specifically, when asked to provide documents in his possession which supported his claim, or the names of individuals with knowledge of the allegations contained in his complaint, Plaintiff responded simply by stating that the Defendant was in possession of documents supportive of the allegations contained in his complaint, as well as the identities of individuals with knowledge relevant to the allegations in Plaintiff's own complaint, and chose not to provide Defendant with the requested information.

7. On May 12, 2004, Defendant served Defendant's First Set of Request for Admissions to the Plaintiff. (Exhibit F). Defendant utilized this discovery method

as a way to clarify Plaintiff's responses to Defendant's initial discovery requests without resorting to a Motion to Compel.

8. Plaintiff served responses to Defendant's First Set of Requests for Admissions on June 9, 2004. (Exhibit G). Plaintiff objected to each admission on numerous grounds, including contentions that the discovery requests were "unreasonably cumulative or duplicative," that the defendant had already obtained the information through Rule 26(a)(1) disclosures made by Plaintiff, that the information sought was not within the scope of Rule 26, and that the Defendant sought trial preparation materials.

9. On June 10, 2004, Loftis mailed and faxed correspondence to Michael S. Sahady, Plaintiff's counsel objecting to Plaintiff's responses to Defendant's First Set of Requests for Admissions. (Exhibit H). As part of this correspondence, Loftis requested a discovery conference pursuant to Rule 37 and Local Rule 37.1.

10. Sahady responded to this request via correspondence dated June 15, 2004, and agreed to conference with Loftis pursuant to L.R. 37.1 on Thursday, June 17, 2004 in an attempt to narrow the discovery issues present in the instant litigation. (Exhibit I).

11. Loftis and Sahady conducted a telephonic discovery conference pursuant to L.R. 37.1 on Thursday, June 17, 2004. As a result of this conference, Sahady agreed to consider supplementing Interrogatories 1-3 of Plaintiff's Responses to Defendant's First Set of Interrogatories. Loftis confirmed the substance of this conversation in correspondence dated June 22, 2004. (Exhibit J).

12. On July 6, 2004, Loftis sent follow-up correspondence to Sahady requesting a response to Sahady's agreement to revisit his responses to Interrogatories no. 1, 2,

3

and 3 prior to Plaintiff's deposition on August 10, 2004. (Exhibit K). Sahady failed to respond to this request.

13. On July 19, 2004, Loftis sent another letter requesting answers to Interrogatories 1, 2, and 3 of Defendant's First Set of Interrogatories. (Exhibit L). Additionally, at the time of the July 19, 2004 correspondence, Plaintiff had not provided responses to Defendant's Second Set of Interrogatories or Defendant's Second Request for Production of Documents (which were served on May 12, 2004)[1].

14. Loftis sent yet another follow-up letter to Sahady on July 26, 2004, requesting that Sahady provide documents responsive to Defendant's Second Request for Production of Documents, and that Sahady respond to the outstanding request for supplementation of Interrogatories No. 1-3 of Plaintiff's Answers to Defendant's First Set of Interrogatories. (Exhibit M).

15. Sahady finally responded to Loftis' repeated attempts to resolve outstanding discovery issues in correspondence dated August 3, 2004. (Exhibit N). Sahady indicated that he did not feel that Plaintiff was required to produce documents that Defendant may have in its possession, or that were allegedly generated by the defendant. Additionally Sahady wrote that he was under the belief that his responses to Defendant's Second Set of Interrogatories provided all information sought by Defendant.

16. Plaintiff's counsel, in correspondence dated August 9, 2004, requested a discovery conference pursuant to Rule 37 and L.R. 37.1 to resolve continued differences with regards to discovery in this matter. (Exhibit O). Specifically,

---

[1] Plaintiff submitted untimely responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents on July 21, 2004.

4

plaintiff's counsel sought supplementation of Defendant's Answers to Plaintiff's First Set of Interrogatories.

17. Via correspondence dated August 10, 2004, Loftis requested a discovery conference pursuant to Rule 37 and L.R. 37.1 with respect to the Plaintiff's answers to Interrogatories 1, 2 and 3 in Defendant's First Set of Interrogatories and the Plaintiff's Response to Defendant's Second Request for Production of Documents. (Exhibit P).

18. A discovery conference was held on August 13, 2004. Defendant believes that it addressed Sahady's concerns, and promptly supplemented its discovery responses on August 25, 2004. Sahady agreed once again to review Plaintiff's discovery responses for supplementation purposes, in accordance with previous conversations with Loftis on this issue.

19. On August 31, 2004, the plaintiff, Michael Rodio, was deposed. During the deposition, it became evident from the Plaintiff's testimony that several documents responsive to Defendant's discovery requests existed had not been produced, including notes from key conversations with management, a reply to his termination, and photographs allegedly taken by the Plaintiff which purport to show that Plaintiff fulfilled his employment obligations. Despite having the majority of the aforementioned documents in his possession, and in close proximity to the location of the Plaintiff's deposition, Sahady refused to provide those documents to Defendant.

20. Loftis sent a final letter Sahady on September 8, 2004 requesting supplementation of Plaintiff's discovery responses, in accordance with Loftis' correspondence of

August 10, 2004. (Exhibit Q). As of the date of this motion, Sahady has not complied with this request.

21. Sahady contacted Loftis via telephone on September 30, 2004 (the day before the deadline to file discovery motions in this action) to inquire about outstanding discovery issues. Loftis informed Sahady that the Defendant had prepared the instant motion for filing with this Court. Sahady again promised to comply with the discovery. Loftis agreed to withdraw the instant motion if Sahady did in fact do so.?

22. Rule 26(b) of the Federal Rules of Civil Procedure allows discovery of matters not privileged that are relevant to the litigation:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter

Fed. R. Civ. P. 26(b). Additionally, Rule 37 of the Federal Rules of Civil Procedure governs discovery sanctions, and exists to provide an avenue for the imposition of sanctions for discovery violations in order to "balance the scales of justice." Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980). For the purposes of a motion to compel discovery, an evasive or incomplete answer is to be treated as a failure to answer. Id.

23. As evidenced by the pleadings in this action as well as the attached correspondence, Defendant's discovery requests were relevant to the present action and were not overbroad or unduly burdensome. Defendant's inquiries were clearly within the scope of discoverable matter permitted by Rule 26 of the

Federal Rules of Civil Procedure. Plaintiff's objections and evasive responses, his refusal to provide documents responsive to Defendant's discovery requests, as well as his refusal to respond to repeated attempts to follow up with counsel for the Defendant regarding the supplementation of Plaintiff's discovery responses were inappropriate and unwarranted, evidencing a clear uncooperative spirit, and a blatant disregard for the discovery requirements as outlined by the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff's refusal to cooperate with the discovery process warrants an Order compelling Plaintiff's compliance.

WHEREFORE, Defendant R.J. Reynolds Tobacco Co. prays that the Court:

1. Enter an Order with appropriate sanctions Ordering Plaintiff to fully comply with Defendant's First Set of Interrogatories to Plaintiff (Interrogatories No. 1, 2, and 3) and Defendant's First Set of Requests for Production of Documents to Plaintiff (Request No. 1);

2. Enter an Order directing Plaintiff to pay all appropriate costs and expenses associated with Plaintiff's failure to cooperate in the discovery process, including but not limited to reasonable attorneys' fees incurred in the prosecution of this action and the filing of the present motion; and

3. Award any such other and further relief as the Court deems just and proper.

## LOCAL RULES 7.1 AND 37.1 CERTIFICATION

The undersigned hereby certifies that Defendant has complied with L.R. 7.1 and L.R. 37.1 and further certifies that he has conferred with Plaintiff's counsel in an attempt to resolve this discovery dispute, and/or to narrow the issues in dispute to the greatest possible extent. Additionally, all information required by L.R. 37.1 is further set out in Defendant's Memorandum in Support of the instant Motion, and is incorporated by reference herein.

This the __1st__ day of October 2004.

_____
W.R. Loftis, Jr.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

_____
Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
(336) 721-1001
(336) 748-9112 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date copies of Defendant's **Motion to Compel** was served on Plaintiffs' counsel by depositing a copy of the same in the United States Mail in Waltham, Massachusetts, postage prepaid, and addressed as follows:

>Michael S. Sahady, Esq.
>Sahady Associates, P.C.
>373 North Main Street
>Fall River, Massachusetts 02720

This the first day of October 2004.

_____
Mark H. Burak