IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO. 04-10006 JGD

2004 OCT -1  P 4: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MICHAEL RODIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) | **DEFENDANT R.J. REYNOLDS'** |
| | ) | **MOTION TO COMPEL PURSUANT** |
| R.J. REYNOLDS | ) | **TO Fed. R. Civ. P. 37 & L.R. 37.1** |
| TOBACCO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF THE CASE

Plaintiff Michael Rodio initiated this action by filing a complaint against Defendant R.J.

Reynolds Tobacco Company ("RJR") in the Superior Court Division of the Commonwealth of

Massachusetts, Worcester County, on November 19, 2003. Plaintiff's complaint alleges that

Defendant wrongfully terminated Plaintiff in violation of public policy. The action was removed

to this Court on January 5, 2004.  The Defendant served a timely answer upon the Plaintiff on

January 12, 2004, denying the allegations contained in the complaint. The parties filed a Local

Rule 16.1 Joint Scheduling Conference Report with this Court on January 26, 2004, and a

scheduling order was entered in this action on March 1, 2004. This scheduling order set

September 13, 2004 as the end of all fact discovery.  The Court entered a second scheduling

order on September 8, 2004, extending the discovery period through December 13, 2004. A trial

date has not been set.

## STATEMENT OF FACTS PERTINENT TO MOTION

On February 10, 1004, Defendant served Plaintiff with Defendant's First Set of Interrogatories to Plaintiff, as well as Defendant's First Set of Requests for Production of Documents to Plaintiff. W.R. Loftis, counsel for the Defendant, consented to a 30-day extension of time within which to allow Plaintiff to respond to Defendant's discovery requests in correspondence dated March 15, 2004. Plaintiff did not seek any further extensions.

Although Plaintiff's discovery response were due on April10, 2004, Plaintiff waited until April 26, 2004, to serve Plaintiff's Answers to Defendant's First Set of Interrogatories, as well as Plaintiff's Response to Defendant's Request for Production of Documents, upon Defendant. In addition to being untimely, thereby waiving any objection to the discovery requests held by Plaintiff, many of Plaintiff's answers to Defendant's interrogatories and production requests were non-responsive. Specifically, when asked to provide documents in his possession which supported his claim, or the names of individuals with knowledge of the allegations contained in his complaint, Plaintiff responded simply by stating that the Defendant was in possession of documents supportive of the allegations contained in his complaint, as well as the identities of individuals with knowledge relevant to the allegations in Plaintiff's own complaint, and chose not to provide Defendant with the requested information.

On May 12, 2004, Defendant served Defendant's First Set of Request for Admissions to the Plaintiff. Defendant utilized this discovery method as a way to clarify Plaintiff's responses to Defendant's initial discovery requests without resorting to a Motion to Compel. Plaintiff served responses to Defendant's First Set of Requests for Admissions on June 9, 2004, and objected to each admission on numerous grounds, including contentions that the discovery requests were "unreasonably cumulative or duplicative," that the defendant had already obtained the

2

information through Rule 26(a)(1) disclosures made by Plaintiff, that the information sought was not within the scope of Rule 26, and that the Defendant sought trial preparation materials.

### Defendant's Compliance with LR 37.1 and LR 7.1

On June 10, 2004, Loftis mailed and faxed correspondence to Michael S. Sahady, Plaintiff's counsel, objecting to Plaintiff's responses to Defendant's First Set of Requests for Admissions. As part of this correspondence, Loftis requested a discovery conference pursuant to Rule 37 and Local Rule 37.1. Sahady responded to this request via correspondence dated June 15, 2004, and agreed to conference with Loftis pursuant to L.R. 37.1 on Thursday, June 17, 2004 in an attempt to narrow the discovery issues present in the instant litigation.  Loftis and Sahady conducted a telephonic discovery conference pursuant to L.R. 37.1 on Thursday, June 17, 2004. As a result of this conference, Sahady agreed to consider supplementing Interrogatories No. 1, 2, and 3 of Plaintiff's Responses to Defendant's First Set of Interrogatories.  Loftis confirmed the substance of this conversation in correspondence dated June 22, 2004. On July 6, 2004, Loftis sent follow-up correspondence to Sahady requesting a response, given Sahady's agreement to revisit his responses to Interrogatories no. 1, 2, and 3 prior to Plaintiff's deposition on August 10, 2004.   Sahady failed to respond to this request.

On July 19, 2004, Loftis sent another letter requesting answers to Interrogatories 1, 2, and 3 of Defendant's First Set of Interrogatories. Additionally, at the time of the July 19, 2004 correspondence, Plaintiff had not provided responses to Defendant's Second Set of Interrogatories or Defendant's Second Request for Production of Documents (which were served on May 12, 2004)[1].

Loftis sent yet another follow-up letter to Sahady on July 26, 2004, requesting that Sahady provide documents responsive to Defendant's Second Request for Production of

---

[1] Plaintiff submitted untimely responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents on July 21, 2004.

Documents, and that Sahady respond to the outstanding request for supplementation of Interrogatories No. 1-3 of Plaintiff's Answers to Defendant's First Set of Interrogatories.

Sahady finally responded to Loftis' repeated attempts to resolve outstanding discovery issues in correspondence dated August 3, 2004. Sahady indicated that he did not feel that Plaintiff was required to produce documents that Defendant may have in its possession, or that were allegedly generated by the defendant. Additionally Sahady wrote that he was under the belief that his responses to Defendant's Second Set of Interrogatories provided all information sought by Defendant.

Plaintiff's counsel, in correspondence dated August 9, 2004, requested a discovery conference pursuant to Rule 37 and L.R. 37.1 to resolve continued differences with regards to discovery in this matter. Specifically, plaintiff's counsel sought supplementation of Defendant's Answers to Plaintiff's First Set of Interrogatories. On August 10, 2004, Loftis requested a discovery conference pursuant to Rule 37 and L.R. 37.1 with respect to the Plaintiff's answers to Interrogatories 1, 2 and 3 in Defendant's First Set of Interrogatories and the Plaintiff's Response to Defendant's Second Request for Production of Documents. A discovery conference was held on August 13, 2004. Defendant believes that it addressed Sahady's concerns, and promptly supplemented its discovery responses on August 25, 2004. Sahady agreed once again to review Plaintiff's discovery responses for supplementation purposes, in accordance with previous conversations with Loftis on this issue.

On August 31, 2004, the plaintiff, Michael Rodio, was deposed. During the deposition, it became evident from the Plaintiff's testimony that several documents responsive to Defendant's discovery requests existed that had not been produced, including notes from key conversations with management, a reply to Plaintiff's termination, and photographs allegedly taken by the Plaintiff which purport to show that Plaintiff fulfilled his employment obligations. Despite

4

having the majority of the aforementioned documents in his possession, and in close proximity to the location of the Plaintiff's deposition, Sahady refused to provide those documents to Defendant.

Loftis sent a final letter Sahady on September 8, 2004 requesting supplementation of Plaintiff's discovery responses, in accordance with Loftis' correspondence of August 10, 2004. As of the date of this motion, Sahady had not complied with this request.

## SUMMARY OF FACTS IN COMPLIANCE WITH LOCAL RULE 37.1

In compliance with Local Rule 37.1, two discovery conferences were held via telephone in this action – one on June 17, 2004, and a second on August 13, 2004. Present at each conference was Michael Sahady, counsel for Plaintiff, and W.R. Loftis, counsel for Defendant.

During the June 17, 2004 conference, counsel discussed Plaintiff's responses to Defendant's First Set of Interrogatories – specifically Plaintiff's responses to Interrogatories No. 1, 2, and 3. Plaintiff's counsel agreed to consider supplementing Interrogatories No. 1, 2, and 3.

During the August 13, 2004 conference, counsel discussed Defendant's responses to Plaintiff's First Set of Interrogatories. Specifically, Plaintiff sought more detailed answers to Interrogatories No. 1, 2, 3, 4, 6, 9-15, 18 and 19. Counsel for the Defendant promptly supplemented discovery in light of Plaintiff counsel's concerns. Also during the August 13, 2004 conference, counsel again discussed Plaintiff's responses to Interrogatories No. 1, 2, and 3 of Defendant's First Set of Interrogatories, as well as Request No. 1 of Plaintiff's Response to Defendant's First Request for Production of Documents. Specifically, Interrogatories 1-3 were not answered in a meaningful manner, and, because Request for Production No. 1 asks for

documents identified in the Interrogatories, it was likewise not answered in a meaningful manner.

## DEFENDANT'S POSITION

Rule 26(b) of the Federal Rules of Civil Procedure allows discovery of matters not privileged that are relevant to the litigation:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter

Fed. R. Civ. P. 26(b). Additionally, Rule 37 of the Federal Rules of Civil Procedure governs discovery sanctions, and exists to provide an avenue for the imposition of sanctions for discovery violations in order to "balance the scales of justice." Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980). For the purposes of a motion to compel discovery, an evasive or incomplete answer is to be treated as a failure to answer. Id. In this case, Plaintiff has failed to comply with these Rules and an order compelling answers and responses is warranted.

The following Interrogatories (and responses from the Plaintiff) are contested by the Defendant and, in accordance with LR 37.1, Defendant's position with respect to each disputed answer or response is set forth below[2]:

## INTERROGATORIES

1.      Identify all documents, as previously defined herein, which relate to or support any of the allegations contained in the Plaintiff's Complaint?

---

[2] In the present action, Plaintiff contends he was wrongfully terminated from his employment with the Defendant, R.J. Reynolds Tobacco Co. Specifically, Plaintiff alleges that that he was terminated in violation of public policy, in breach of covenant of good faith and fair dealing, and in violation of Chapter 93A of the General Laws of the Commonwealth of Massachusetts.

**ANSWER:**    Documents relating to my wrongful termination are all in the possession and under the control of the defendant. Please see Plaintiff's Initial Disclosures for an identification and listing of various documents related to this civil action.

**Defendant's Position**:    As the basis of his objection, Plaintiff contends that the documents requested are all in the control of the defendant. Plaintiff's contention that the documents sought were generated by the Defendant and/or are in the possession of the defendant does not provide a basis for refusing to provide the requested documents in response to Defendant's discovery, and is not a valid objection in accordance with Fed. R. Civ. P. 26. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper arguments in a subsequent motion). Further, there are responsive documents that were generated by the Plaintiff that have not been produced in response to this discovery request. Lastly, Plaintiff has not lodged an objection on the grounds of privilege, nor any other recognized ground. Additionally, Plaintiff has waived any right to object to this Interrogatory, as he submitted the instant responses after the deadline, waiving any objection. Willard v. Constellation Fishing Corp., 136 F.R.D. 28, 31 (D. Mass. 1991); Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980).

2.    Identify and state the complete name, address and telephone number of each person(s) whom the Plaintiff contends may have knowledge of any of the allegations contained in the Complaint, and for each person, give a detailed summary of such purported knowledge.

**ANSWER:**    Defendant and its employees are in sole possession of names, addresses, and telephone numbers of each person who may have participated in my wrongful

termination. Please see letters from various former supervisors attached to plaintiff's Response to Defendant's Request for Production of Documents.

**Defendant's Position**:        As the basis of his objection, Plaintiff contends that the identities of all individuals with knowledge relevant to his claim are all in the control of the defendant. This is not a valid objection in accordance with Fed. R. Civ. P. 26. Plaintiff, as the individual responsible for the allegations outlined in the complaint, is the only source for information pertaining to the identities of individuals with information relevant to the allegations in the complaint.

Plaintiff has not lodged an objection on the grounds of privilege, nor any other recognized ground. Additionally, Plaintiff has waived any right to object to this Interrogatory, as he submitted the instant responses after the deadline, waiving any objection. Willard v. Constellation Fishing Corp., 136 F.R.D. 28, 31 (D. Mass. 1991); Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980). Lastly, Plaintiff's contention that the information sought was in the possession of the defendant does not provide a basis for refusing to provide the requested information (which clearly falls within the scope of Rule 26) in response to Defendant's discovery. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper arguments in a subsequent motion).

3.        Identify all persons contacted by the Plaintiff, or anyone acting on behalf of the Plaintiff, including but not limited to counsel, to provide information relating to any or all allegations contained in the Complaint. For each person contacted provide a detailed summary

8

of all information obtained, indicating whether that person provided any writing to the Plaintiff, or to anyone acting on the Plaintiff's behalf, and identify any documents identified or made available to the Plaintiff or anyone acting on the Plaintiff's behalf, including but not limited to counsel.

**ANSWER:**    Plaintiff objects to this interrogatory insofar as it requests counsel's work product; nevertheless, plaintiff answers as follows:

After I was wrongfully terminated, I tried to contact my former superiors and supervisors to try to understand why I was singled out for termination when I had devoted so any faithful and loyal years to the company. The persons I contacted wrote letters in my support, copies of which are being produced with Plaintiff's Response to Defendant's Request for Production of Documents.

**Defendant's Position**:    The Interrogatory request asks for Plaintiff to identify all persons contacted by the Plaintiff, or anyone acting on behalf of the Plaintiff, including but not limited to counsel, to provide information relating to any or all allegations contained in the Complaint. Plaintiff's response as set out above is unresponsive to the instant question. Additionally, Plaintiff, as the individual responsible for the allegations outlined in the complaint, is the only source for information pertaining to the identities of individuals either contacted by the Plaintiff, or acting on the Plaintiff's behalf. Defendant would be unable to secure information responsive to this request by any other means. Additionally, Plaintiff has waived any right to object to this Interrogatory, as he submitted the instant responses after the deadline, waiving any objection. Willard v. Constellation Fishing Corp., 136 F.R.D. 28, 31 (D. Mass. 1991); Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980).

9

## REQUESTS FOR PRODUCTION

1.    All documents that are identified in, substantiate, contradict or relate to any answer by Plaintiff to Defendant's First Set of Interrogatories, or any allegation contained in the complaint in this action.

**RESPONSE:** All relevant documents in possession of the plaintiff are also in the possession of the defendant and were in fact generated by the defendant. Plaintiff will provide to defendant copies of these documents as listed in Plaintiff's Initial Disclosures to the defendant and as outlined in Defendant's counsel' letter to plaintiff's counsel dated March 17, 2004.

**Defendant's Position**:        As the basis of his objection, Plaintiff contends that the documents requested are all documents generated and/or in the control of the defendant. Plaintiff's contention does not provide a basis for refusing to provide the requested documents in response to Defendant's discovery, and is not a valid objection in accordance with Fed. R. Civ. P. 26. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper arguments in a subsequent motion). Additionally, Plaintiff has waived any right to object to this Interrogatory, as he submitted the instant responses after the deadline, waiving any objection. Willard v. Constellation Fishing Corp., 136 F.R.D. 28, 31 (D. Mass. 1991); Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D. Mass. 1980).

## CONCLUSION

As evidenced by the pleadings in this action as well as the instant motion and supporting documentation, Defendant's discovery requests were relevant to the present action and were not overbroad or unduly burdensome. Defendant's inquiries were clearly within the scope of discoverable matter permitted by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's objections and evasive responses, his refusal to provide documents responsive to Defendant's discovery requests, as well as his refusal to respond to repeated attempts to follow up with counsel for the Defendant regarding the supplementation of Plaintiff's discovery responses were inappropriate and unwarranted, evidencing a clear uncooperative spirit, and a blatant disregard for the discovery requirements as outlined by the Federal Rules of Civil Procedure and this Court's Local Rules.

For the reasons outlined in the Defendant's Motion to Compel, as well as those outlined in the instant memorandum, Defendant R.J. Reynolds Tobacco Company respectfully requests that the Court enter an Order compelling the Plaintiff to fully comply with Defendant's First Set

of Interrogatories to Plaintiff (Interrogatories No. 1, 2, and 3) and Defendant's First Set of

Requests for Production of Documents to Plaintiff (Request No. 1).

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC   27101
(336) 721-1001
(336) 748-9112 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date copies of Defendant's **Memorandum
in Support of Defendant's Motion to Compel** was served on Plaintiffs' counsel by depositing a

copy of the same in the United States Mail in Waltham, Massachusetts, postage prepaid, and addressed as follows:

Michael S. Sahady, Esq.
Sahady Associates, P.C.
373 North Main Street
Fall River, Massachusetts 02720

This the first day of October 2004.

Mark H. Burak