FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT 19  A 11: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

CASE NO. 04-10006-JGD

| | |
|---|---|
| MICHAEL RODIO | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| R.J. REYNOLDS TOBACCO COMPANY | ) |
|     Defendant | ) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL
Pursuant to Fed.R.C.P. 37 and L.R. 37.1**

**STATEMENT OF THE CASE**

The plaintiff, MICHAEL RODIO, was for twenty-six years an employee of the defendant R.J. Reynolds Tobacco Company and alleges inter alia that he was wrongfully terminated in violation of public policy and fair dealing. A Hearing on this very issue was held before the Division of Employment and Training of the Commonwealth of Massachusetts (D.E.T.) and this issue was adjudicated in favor of the plaintiff. Please see Decision of the D.E.T., a copy of which is attached hereto and marked Exhibit 1.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

1

## PLAINTIFF'S POSITION
## AS TO EACH ISSUE RAISED BY THE DEFENDANT

Defendant seeks further answers to its Interrogatories #1, 2, and 3 and further response to its Request for Production of Documents #1.

Defendant's Interrogatory #1 and Plaintiff's Answer thereto read as follows:

*Interrogatory 1.* Identify all documents, as previously defined herein, which relate to or support any of the allegations contained in the Plaintiff's Complaint?

*Answer.* Documents relating to my wrongful termination are all in the possession and under the control of the defendant. Please see Plaintiff's Initial Disclosures for an identification and listing of various documents related to this civil action.

**Plaintiff's position:** Plaintiff respectfully submits that he answered Defendant's Interrogatory #1 completely and without any evasion or attempt to withhold any documents from the defendant. In this answer, plaintiff pointed out to the defendant not only that the documents it seeks are all in its possession or under its control, but that he also served these documents on the defendant in his Initial Disclosures and listed them all. Please see Item 2 of Plaintiff's Initial Disclosures under Rule 26(a)(1), a copy of which is attached hereto and marked Exhibit 2.

Defendant's position on this Interrogatory misstates the facts. Defendant is contending that it is entitled to the documents even though they may be under its control or in its possession, but it fails to inform the Court that these very documents it seeks had already been produced to it in Plaintiff's Initial Disclosures (Exhibit 2). Defendant relies on Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D. Mass. 1988). In the *Omni* case, the plaintiff had not provided the defendant with the requested documents and raised the argument that the defendant already had the requested documents and, therefore, it

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

2

was not required to provide them. In the case before the Court the plaintiff has already provided all documents in his possession to the defendant. This case is inapposite to the *Omni* case on which defendant relies.

***Interrogatory 2.*** Identify and state the complete name, address, and telephone number of each person(s) whom the plaintiff contends may have knowledge of any of the allegations contained in the Complaint, and for each person, give a detailed summary of such purported knowledge.

***Answer.*** Defendant and its employees are in sole possession of names, addresses, and telephone numbers of each person who may have participated in my wrongful termination. Please see letters from various former supervisors attached to plaintiff's Responses to Defendant's Request for Production of Documents

**Plaintiff's Position:** Defendant again misstates the extent of the information with which plaintiff supplied it in his Answer to this Interrogatory. Plaintiff in his answer pointed out to the defendant that the defendant has the names of all those who may have participated in the wrongful termination of the plaintiff and directed the defendant to those individuals who had knowledge of the allegations or reasons for his discharge as set out in his complaint. The defendant was further directed to Plaintiff's Response to its Requests for Production of Documents where in Response to Request #5 he not only provided the defendant with names of individuals who have knowledge of the allegations contained in his complaint, but he also provided the defendant with copies of letters from these various individuals. Please see copy of Plaintiff's Response to Defendant's Request for Production of Documents #5 attached hereto and marked Exhibit 3.

Defendant again cites Blake Associates, Inc. v. Omni Spectra, Inc., supra, and again leads the Court to believe that no information sought in this Interrogatory had been provided to it when in fact it had received detailed information of all the evidence that plaintiff had in his possession.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

3

***Interrogatory #3.*** Identify all persons contacted by the plaintiff, or anyone acting on behalf of the plaintiff, including but not limited to counsel, to provide information relating to any or all allegations contained in the Complaint. For each person contacted provide a detailed summary of all information obtained, indicating whether that person provided any writing to the plaintiff, or to anyone acting on the plaintiff's behalf, and identify any documents

***Answer.*** Plaintiff objects to this interrogatory insofar as it requests counsel's work product; nevertheless, plaintiff answers as follows: After I was wrongfully terminated, I tried to contact my former superiors and supervisors to try to understand why I was singled out for termination when I had devoted so many faithful and loyal years to the company. The persons I contacted wrote letters in my support, copies of which are being produced with Plaintiff's Response to Defendant's Request for Production of Documents.

**Plaintiff's position:** Plaintiff contends that he answered this Interrogatory in a thorough and detailed manner giving the defendant not only the names of those he contacted, but their responses to him as well in the letters that he identified in this Interrogatory and copies of which he provided to the defendant. Please see copy of Plaintiff's Response to Defendant's Request for Production of Documents #5 attached hereto and marked Exhibit 3. Plaintiff is at a loss as to what else he can do to satisfy this defendant.

Defendant once more argues as he did in the two previous Interrogatories as if the plaintiff had not provided it with any information whatsoever, when in fact the plaintiff gave it all he had in the way of persons he contacted and their response to him

The issue is not that the plaintiff has waived his right to object to this Interrogatory, as the defendant contends, the issue is the adequacy of Plaintiff's Answers and in each and every instance, including the answer to this Interrogatory, plaintiff had given the defendant every morsel of information in his possession or under his control.

Counsel for the plaintiff in one of his conversations with defendant's counsel (Loftis) in an attempt to resolve the dispute over discovery was told by Loftis that while defendant is

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
M.   .CHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

4

not entitled at this stage of litigation to the names and addresses of plaintiff's witnesses, it had, nevertheless couched its interrogatories differently and plaintiff must answer them, to which plaintiff's counsel replied: "you are trying to get through the backdoor what you cannot receive through the front door.", to which Loftis had no response.

Even though these Interrogatories were so broad and all inclusive, the plaintiff, nevertheless, answered them in good faith and answered them completely. Sanctions, if any, therefore, should be awarded against the tobacco company.

*Request for Production #1.* All documents that are identified in, substantiate, contradict or relate to any answers by Plaintiff to Defendant's First Set of Interrogatories, or any allegation contained in the complaint in this action.

*Response.* All relevant documents in possession of the plaintiff are also in the possession of the defendant and were in fact generated by the defendant. Plaintiff will provide to defendant copies of these documents as listed in Plaintiff's Initial Disclosures to the defendant and as outlined in Defendant's counsel' letter to plaintiff's counsel dated March 17, 2004.

**Plaintiff's position:** In addition to inviting the defendant to inspect and copy all documents in plaintiff's possession, plaintiff copied all these documents and forwarded them to the defendant. Please see copy of letter to defendant's attorneys dated March 15, 2004 attached hereto and marked Exhibit 4 together with copy of letter to defendant's attorney dated April 26, 2004, attached hereto and marked Exhibit 5.

In his response to this Request for Production, plaintiff again calls defendant's attention that he is providing these documents to the defendant as listed in plaintiff's Initial Disclosures, (Exhibit 2), and pursuant to letter of March 17, 2004 of defendant's counsel to plaintiff's counsel. Please see letter of defendant's counsel to plaintiff's counsel dated March 17, 2004, a copy of which is attached hereto and marked Exhibit 6, and copy of letter of plaintiff's counsel to defendant's counsel dated April 26, 2004, Exhibit 5.

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

5

The defendant Tobacco Company came to the office of the attorney for the plaintiff on August 31, 2004 and deposed the plaintiff from 10:54 a.m. to 5:55 p.m. without any substantial break except for lunch, with the deposition containing 240 pages and having covered every possible detail material to the defendant. Please see cover page of the deposition of Michael Rodio by the defendant and the last page of that deposition, copies of which are attached hereto and marked Exhibit 7.

Before the commencement of the deposition, the plaintiff permitted the defendant to inspect and copy an entire box of documents in the possession of the plaintiff. This box contained the only documents that were in the possession of the plaintiff, with the plaintiff having no other documents generated by the defendant that he could have possibly produced as he had no others.

## CONCLUSION

This tobacco company is disingenuous in its contention that it is merely asking the Court for an order to "balance the scales of justice" and cites Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4 (D.Mass. 1980). It is one of the vexing and perhaps insurmountable imbalances when a David encounters a Goliath in the Courtroom and where Goliath tries to bury David with motions, interrogatories, depositions, and general abuse of discovery.

This tobacco company is doing no more than trying to gain advantage through overly aggressive discovery tactics. It is attempting to chill any further efforts by the plaintiff to prosecute his case against it.

It seems that the defendant is requesting documents and information not only in its possession or under its control, but also documents with which the plaintiff has already

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

6

provided it. How many times does it want the same information before it stops harassing the plaintiff?

The plaintiff respectfully asks for the Court's protection and asks it to impose sanctions under FRCP 37 on the defendant for this overly aggressive and abusive discovery procedure. Only the award of substantial sanctions against this tobacco company will stay its hand from further harassment of the plaintiff.

Respectfully submitted,

Michael Rodio, Plaintiff,

By his attorneys,

Michael S. Sahady
399 North Main Street
Fall River, MA 02720
508-674-9444
BBO#437820

Dated: October 18, 2004

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

7

CERTIFICATE OF SERVICE

I, the undersigned, attorney for the plaintiff hereby certify under the penalties of perjury, that I have this day served the within document on defendant's counsels. Said service was made by mailing, postage prepaid, and by faxing a copy of same to:

W.R. Loftis, Jr., Esquire
Constangy, Brooks & Smith, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101

Fax #336-748-9112


Mark H. Burak, Esquire
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451

Fax #781-622-5933

Michael S. Sahady
399 North Main Street
Fall River, MA 02720
508-674-9444

Dated: October 18, 2004

SAHADY ASSOCIATES, P.C.
COUNSELLORS AT LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430