MASSACHUSETTS
DIVISION OF
EMPLOYMENT
AND TRAINING



Hearings Department
Southeast Regional Office
37 Main Street
Taunton, MA  02780
Phone:  508-824-6458
Fax:  617-727-2273
TDD:  1-800-438-0471

# DECISION

**DOCKET NUMBER:**    343890

## I.    STATUTORY PROVISION(S) AND ISSUE(S) OF LAW:

MGL Chapter 151A, §§25(e)(1) & (e)(2) - Whether there is substantial and credible evidence to show that the claimant left work voluntarily with good cause attributable to the employer or its agent, or involuntarily for urgent, compelling and necessitous reasons, or by discharge for deliberate misconduct in wilful disregard of the employing unit's interest, or for a knowing violation of a reasonable and uniformly enforced policy or rule, unless the violation was the result of the employee's incompetence.

## II.    FINDINGS OF FACT:

1.  The claimant worked as a sales representative for R.J. Reynolds Tobacco Co. from Oct. 12, 1976 to Oct. 28, 2002 when he was discharged.  He worked full-time and was paid about $1,000 a week.

2.  The employer issued the claimant an employee handbook, which states that "misuse of company resources" is an offense that results in disciplinary action, up to and including termination of employment.  Misuse of company resources can be any type of action or inaction that is detrimental to the employer.  The resource is usually financial, but it can include non-financial things.

3.  The employer usually follows a system of progressive discipline for misuse of company resources, failure to follow management instructions, and failure to satisfactorily perform job accountabilities.  A written reprimand followed by a final written reprimand usually precedes discharge.

Commonwealth of Massachusetts

Mitt Romney, Governor                Angelo Buonopane, Director of Department of Labor & Workforce Development
John A. King, Director Employment and Training



**DOCKET NUMBER:**     343890

4. The claimant fully met the employer's expectations in the year 2000. However, his performance deteriorated in 2001, in the opinion of the Division Manager. The reason(s) for the decline in performance cannot be determined. In particular, the claimant failed to accurately report product availability in the retail stores that he handled. He failed to effectively communicate pricing relating to discounting promotions. And he failed to properly place advertising signs and notices. Consequently, the employer paid stores more money than they were entitled to and lost an unspecified of money because of sales that could have otherwise been generated.

5. On Sept. 5, 2001, the employer issued the claimant a written warning for misuse of company resources; failure to satisfactorily perform job accountabilities; and failure to follow management instructions. The claimant thought that the warning was unfair and that he was actually entitled to a bonus for superior performance.

6. On Nov. 19, 2001, the employer issued the claimant a final written reprimand for failure to satisfactorily perform job accountabilities and failure to follow management instructions. This was primarily due to his failure to administer contracts in an accurate and timely manner. The claimant had eighty to ninety contracted accounts. The final written reprimand advised the claimant that his failure to immediately attain and sustain an acceptable level of performance would result in termination of his employment.

7. On Oct. 28, 2002, the employer discharged the claimant for misuse of company resources; failure to follow management instructions; and failure to satisfactorily perform job accountabilities. Specifically, the employer discharged the claimant for not accurately reporting product availability at various stores; for not ensuring that all of the required components of the Every Day Low Price (EDLP) contract were in place; for failing to place any point of sale (POS) advertising in the Value Added Promotion (VAP) communicators in certain stores; and for failing to effectively communicate pricing related to PRP discounting.

8. The claimant's failure to accurately record product availability in certain retail stores resulted in the employer's failure to pay the stores the proper amount of money for keeping certain brands of cigarettes in stock. The claimant tried to do the best he could. As previously indicated, the claimant had 80 or 90 contracted accounts. He was only able to visit each store about once a month.

9. Under the EDLP contracts, stores agreed to promote certain brands of cigarettes at the lowest price in the store. By not ensuring that all of the required components were in place, the employer paid unnecessary amounts of money to stores that did not actually promote the product at the lowest cost agreed to in the contract, and lost an unspecified amount of money through lost sales. In this area, the claimant also did the best he could. Sometimes competitors offer customers a better deal that they have a hard time passing up.

Commonwealth of Massachusetts

Mitt Romney, Governor                    **Angelo Buonopane**, Director of Department of Labor & Workforce Development
                              **John A. King**, Director Employment and Training


MASSACHUSETTS
DIVISION OF
EMPLOYMENT
AND TRAINING

DOCKET NUMBER:    343890

10. Because POS advertising was not properly placed, stores were paid the contract dollars to which they were not entitled and the employer may have lost sales. However, not all advertising was within the claimant's control. Again, he did the best he could under the circumstances.

11. The claimant received detailed instructions regarding pricing on several occasions. Because of improper pricing, stores were not paid the amount of money to which they were entitled. Such failure was due in part to the claimant's inability to get all of the necessary signs. It could have also been due to computer problems and actions by competitors.

## III.    CONCLUSIONS & REASONING:

Both parties attended the hearing.

The claimant did not leave work voluntarily. Therefore, Section 25(e)(1) of the Law does not apply to this case.

The employer discharged the claimant for misuse of company resources; failure to follow management instructions; and failure to satisfactorily perform job accountabilities.

The employer's policies that prohibit misuse of company resources; require employees to follow management instructions; and satisfactorily perform their job accountabilities, are so vague that they do not define the type of behavior that is prohibited. As a result, they cannot be fairly considered rules or policies. Therefore, this case cannot be analyzed under the knowing violation standard of the law. Instead, the facts must be analyzed under the deliberate misconduct standard.

The employer's expectations that sales representatives accurately report product availability; ensure that all of the required components of EDLP contracts are in place; place POS advertising in the VAP communicators; and effectively communicate pricing related to PRP discounting are reasonable. The claimant was aware of the employer's expectations. However, he did not deliberately fail to meet the employer's expectations. Inasmuch as it cannot be established that the discharge was attributable to deliberate misconduct in wilful disregard of the employing unit's interest, the claimant is not subject to disqualification under Section 25(e)(2) of the Law.

Commonwealth of Massachusetts

Mitt Romney, Governor

Angelo Buonopane, Director of Department of Labor & Workforce Development
John A. King, Director Employment and Training

 MASSACHUSETTS
DIVISION OF
EMPLOYMENT
AND TRAINING

**DOCKET NUMBER:**     343890

## IV.     DECISION:

The determination is affirmed.  The claimant is entitled to benefits for the week ending Nov. 2, 2002 and subsequent weeks, if otherwise eligible.


**HEARINGS DEPARTMENT**

**BY:**     **Ronald N. Martell - rs**
          **REVIEW EXAMINER**


**COPIES TO:**

Claimant
Claimant's Attorney
Employer
File

**Mitt Romney,** Governor     **Angelo Buonopane,** Director of Department of Labor & Workforce Development
**John A. King,** Director Employment and Training