

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO. 04-10006-WGY

MICHAEL RODIO           )
            Plaintiff   )
                        )
    vs.                 )
                        )
R.J. REYNOLDS TOBACCO COMPANY )
            Defendant   )
                        )

**RULE 26(a)(1) INITIAL DISCLOSURES OF PLAINTIFF
MICHAEL RODIO**

Plaintiff, MICHAEL RODIO, by and through counsel, and pursuant to Rules 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A), provides the following initial disclosures in the above-entitled matter:

1. **Identity of Prospective Witnesses who May Have Discoverable Information that the plaintiff may use to Support his Claims:**

The following individuals have been identified pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure:

> Gary Loeser, former supervisor of the plaintiff while in the employ of the defendant
> Direct Action, Inc.
> 3742 Brownstone Lane
> Winston-Salem, NC 27106
> (910)922-6469

Mr. Loeser will testify to the honesty, trustfulness and dedication of the plaintiff while in the employ of the defendant.

Rolf Wittern, former supervisor of the plaintiff while in the employ of the defendant

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
LL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

11 Redwood Drive
Milford, MA 01757

Mr. Wittern will testify that the plaintiff was an honest and moral person, a hard worker, and a leader among his peers, and that the plaintiff was in the top tier of his sales division. That the plaintiff was respected and trusted among his peers.

Gary A. McKenna
Nike Golf
National Sales Development Manager
770-346-8882

Mr. McKenna will testify that the plaintiff set the standard for others and that the plaintiff was one of the most valuable performers year in and year out in his division.

Arthur P. Scott, former supervisor
14 Ledgestone Drive
Hopkinton, MA 01748

Mr. Scott will testify that the plaintiff was a forthright, hardworking and dedicated employee.

Steve Sormanti, co-worker at R.J. Reynolds
Nike Golf
98 County Road
Southampton, MA 01073
(413)527-5285

Mr. Sormanti will testify that the plaintiff's job performance was exemplary and that the plaintiff was a positive addition to R.J. Reynolds.

The plaintiff will also call upon all of his former customers while at R.J. Reynolds to testify as to his good performance and dedication to his work. The defendant has in its files the names and addresses of all of the plaintiff's assigned customers

## 2. Identification of Documents

Plaintiff has accumulated numerous documents issued by the defendant company during his 26 years of service with that company. These documents included:

- --Employee Benefit Plan booklet
- --Retirement plans
- --Savings Plans

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
LL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

--Group insurance plans
--Evaluations by supervisors
--Field Sales Performance Reviews
--Performance and Career Management Process records
--Termination of Employment records
--Field Sales termination report
--Termination document
--doctor's notes regarding plaintiff's stress and depression caused by defendant's wrongful termination.
--R.J. Reynolds' Scholastic Savings Plan
--Numerous correspondence to the plaintiff from his supervisors
--List of Commonwealth of Massachusetts Minimum Cigarette Prices and Brands
--Annual Statements of employee benefits.
--Group Health Insurance plans
--Investment funds plans
--Statements under ERISA
--Field Sales Employee handbook
--documents showing current merchandising and proposed merchandising/RDA Scenario
--Field Sales Termination reports
--Performance and Career Management reports
--Personal performance reports
--Decision and records of the Department of Unemployment Security of the Commonwealth of Massachusetts
--W-2 Forms of the plaintiff
--wage and income verification documents since the plaintiff was wrongfully discharged from defendant's employ

These are the discoverable documents in plaintiff's possession or under his control or custody under Rule 26(a)(1) of the Federal R.C.P. These documents are located at the office of Plaintiff's attorney and are available for copying by the defendant or its attorneys at all reasonable times and hours.

3. **Computation of Damages**

Because of the plaintiff's wrongful termination, he was not allowed to participate in the buyout program, nor was he allowed to continue working for an additional four years, which would have given him thirty years with the company and he would have been entitled to a full package of retirement benefits. Loss of pension benefits as a result of the wrongful

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

termination is estimated to be at $28,173.60 a year. Had plaintiff not been wrongfully terminated and been allowed to remain in the defendant's employ an additional four years, he would have been entitled to a pension, which as we understand would have been $28,173.60 based on an average yearly wage of $53,664.00 times .0175 times 30 years. At plaintiff's retirement after 30 years of service, he would have been 54 years of age and would not have been at that time subject to any social security offset. This $28,173.60 a year would have been received by plaintiff for his lifetime.

In addition, plaintiff lost two weeks of severance pay for each year of service; he lost five weeks' vacation for each year; he lost the opportunity to continue with the defendant's health insurance plan for his life at the company's rates.

By its wrongful termination of the plaintiff, defendant denied him the right to continue earning wages, thereby diminishing his social security benefits at age 62 or 65. Plaintiff was in the scholarship program with the defendant and after it wrongfully terminated him, it misappropriated about one-half of the funds to its own use.

When plaintiff was working for the defendant, he was making up to $59,906.00 a year. After his termination, the plaintiff is now making $33,956.00 a year without all of the benefits that he was entitled to with the defendant. Plaintiff estimates to, therefore, have lost $25,950.00 a year in lost earnings.

Plaintiff was also not paid his bonus for the year 2002, which would have been about $6,000.00.

After plaintiff's wrongful termination, the defendant terminated his basic group life insurance, his accidental death insurance, his optional group life insurance; his optional death and dismemberment insurance; life insurance for his dependents; insurance for travel,

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

accident insurance and his insurance for long term disability benefits, and his managed choice plan and his dental expense plan.

While plaintiff does not know the cost of maintaining these same benefits, the defendant has that within its own knowledge and records.

Plaintiff's physical and mental health were damaged by the defendant's treatment of him and he is unable to place a dollar value on these injuries, and leaves it to the Court and the Jury to compensate him for same.

The defendant did not give plaintiff adequate notice of his termination and, therefore, it should pay him for a reasonable time after his termination.

Plaintiff was unable to find a job for four months following his termination and, therefore, the defendant owes him his wages for that period of time at the rate he was earning with it prior to his termination.

Plaintiff is neither an economist nor a CPA and is unable to reach exact figures of the damages caused to him by the defendant's wrongful termination.

Plaintiff claims triple these damages under Chapter 93A of the General Laws of the Commonwealth of Massachusetts, plus attorney's fees and costs of this action.

Plaintiff reserves the right to supplement this answer seasonably prior to trial after fuller discovery and after his losses become more apparent and more amenable to calculation.

This, the 15th day of March, 2004.

/s/ Michael S. Sahady
Sahady Associates, P.C.
373 North Main Street
Fall River, MA 02720
(508) 674-9444

SAHADY ASSOCIATES, P.C.
COUNSELLORS AT LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430

## CERTIFICATE OF SERVICE

I, the undersigned, attorney for the plaintiff hereby certify under the penalties of perjury, that I have this day served Rule 26(a)(1) Disclosures of the Plaintiff on defendant's counsels. Said service was made by mailing, postage prepaid, and by faxing a copy of same to:

Mark H. Burak, Esquire
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
Fax #781-622-5933

W.R. Loftis, Jr., Esquire
Constangy, Brooks & Smith, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
336-748-9112

Michael S. Sahady
373 North Main Street
Fall River, MA 02720
508-674-9444

Dated: March 15, 2004

SAHADY ASSOCIATES, P.C.
COUNSELLORS at LAW
399 NORTH MAIN STREET
FALL RIVER,
MASSACHUSETTS 02720

TEL. (508) 674-9444
FAX: (508) 674-8430