UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL RODIO,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,

    Defendant.

Civil Action No. 04-CV-10006-JGD

## DEFENDANT R.J. REYNOLDS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Defendant R.J. Reynolds Tobacco Company ("RJR"), by and through counsel, and pursuant to Local Rules 7.1(b)(2) and 7.1(b)(3), respectfully moves this Court for leave to file a reply to Plaintiff's Opposition to Defendant's Motion to Compel[1]. In support of this Motion, the Defendant states as follows:

1. Defendant RJR seeks leave to file a reply in order to correct misstatements made by Plaintiff in his Opposition to Defendant's Motion to Compel. Specifically, Plaintiff states in his Opposition that he has completely and thoroughly answered Defendant's discovery requests, and that he has provided Defendant all documents in his possession responsive to the discovery requests in dispute. These statements are inaccurate, as clearly evidenced by testimony given by the Plaintiff at his deposition on August 31, 2004, as well as

---

[1] The Defendant filed a Motion to Compel in this action on October 1, 2004. On October 18, 2004, Plaintiff's Opposition to Defendant's Motion to Compel was served upon Defendant. Local Rule 7.1(b)(2) permits the submission of "an opposition to a motion within fourteen (14) days after service of the motion." Additionally, according to Rule 7.1(b)(2), "the fourteen day period is intended to include the period specified by civil rules for mailing time and provide for a uniform period regardless of the use of the mails." Accordingly, Plaintiff's Opposition was untimely filed outside of the 14-day period for the submission of any opposition to a motion in violation of this Court's local rules.

correspondence from Plaintiff's counsel dated October 15, 2004 (attached hereto as Exhibit A) and October 25, 2004[2]. (attached hereto as Exhibits B and D). Despite his deposition testimony, and indications by Plaintiff's counsel that they will provide additional relevant documents at a later date, Plaintiff has refused to supplement his discovery responses to reflect additional information or the existence of additional documentation responsive to the discovery responses at issue.

2. At the time the Defendant's Motion to Compel was filed, Defendant had not received the transcript of Plaintiff's deposition, in which Plaintiff specifically identified documents responsive to the discovery requests at issue that had not been produced by the Plaintiff.

3. Specifically, Plaintiff testified during his deposition that he had photographs evidencing that he followed company procedure with regards to store signage (Rodio depo., p. 206-207; 211-212) – which is an issue related to the Plaintiff's overall workplace performance, and ultimate termination. Additionally, Plaintiff testified that he maintained notes during the course of his employment with RJR, including notes referencing conversations with his managers, (Rodio depo., p. 52-55; 93), and a written response to his termination. (Rodio depo., p. 215-216). Plaintiff also had in his possession at the deposition a notebook with information related to his employment with RJR that he maintained over the course of his 26-year tenure with the Company. (Rodio depo., p. 57; 101). Lastly, Plaintiff testified that he had additional documents related to this action, including Company policies and manuals, prebooks, and documents that would support

---

[2] Initial correspondence on October 25, 2004 from Plaintiff's counsel has been identified as Exhibit B. W.R. Loftis, counsel for the Defendant, responded to counsel's initial October 25, 2004 correspondence, and that letter is attached hereto as Exhibit C. Plaintiff's counsel penned a final piece of correspondence, also dated October 25, 2004 in response to Mr. Loftis' letter, and that correspondence is attached hereto as Exhibit D.

his claim that he was terminated in an attempt to deny him benefits. (Rodio depo., p. 83; 101; 176).

4. In the instant case, all of the aforementioned documents were identified by Plaintiff during the course of his deposition, are clearly responsive to the discovery requests in dispute, and critical to this action. Plaintiff has provided the photographs mentioned during his deposition in correspondence dated October 15, 2004, and has indicated in subsequent correspondence dated October 25, 2004, that he will provide additional documents identified during Plaintiff's deposition, although no additional documents have been produced as of the date of this Motion. Plaintiff refuses, however, to supplement his discovery responses to reflect these responsive documents in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

5. Likewise, Plaintiff has refused to supplement his discovery responses to reflect the identity of individuals with knowledge of facts related to any allegation asserted by Plaintiff in his complaint, as requested by Defendant in Interrogatories No. 2 and 3 at issue in this Motion, contending that this information is within the control and/or possession of the Defendant. Broad based statements that the substance of the requested information is in the possession of the Defendant is not a sufficient response, nor does it eliminate Plaintiff's requirement to properly answer and supplement this interrogatory when appropriate. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper arguments in a subsequent motion).

6. Absent proper supplementation to reflect the documents recently provided, the documents yet to be produced but identified during the course of Plaintiff's deposition, or the identities of individuals with knowledge of any fact pertaining to the allegations contained in Plaintiff's complaint, Defendant has no knowledge as to whether all relevant information has been produced in response to its discovery requests, and is unable to vigorously defend itself against Plaintiff's allegations, for fear of being unfairly surprised by relevant but undisclosed evidence on the eve of trial. The obvious purpose of the discovery provisions of the Federal Rules are to permit parties to properly investigate the claims and defenses in an action, and ultimately resolve the action on the merits. Plaintiff's refusal to either provide relevant information, or to supplement his discovery responses appropriately, frustrates that effort.

7. In the interest of fairness, Defendant RJR requests an opportunity to briefly address the statements proffered by Plaintiff in his Opposition to Defendant's Motion to Compel.

WHEREFORE, Defendant R.J. Reynolds Tobacco Co. respectfully requests that the Court:

1. Grant leave to file a reply to Plaintiff's Opposition to Defendant's Motion to Compel;

2. Enter an order directing Plaintiff to pay all appropriate costs and expenses associated with Plaintiff's failure to cooperate and provide information responsive to Defendant's discovery requests, including but not limited to reasonable attorneys' fees incurred in the prosecution of this action and the filing of the present motion; and

3.   Award any such other and further relief as the Court deems just and proper.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

/Mark H. Burak/ ppc
Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: October 27, 2004

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 27, 2004 copies of Defendant's **Motion for Leave to File a Reply to Plaintiff's Opposition to Defendant's Motion to Compel** were served on Plaintiff's counsel by depositing a copy of the same in the United States Mail in Waltham, Massachusetts, postage prepaid, and addressed as follows:

        Michael S. Sahady, Esq.
        Sahady Associates, P.C.
        373 North Main Street
        Fall River, Massachusetts 02720

        /s/ Mark H. Burak
        Mark H. Burak

## SAHADY ASSOCIATES, P.C.
Counsellors at Law

Michael S. Sahady
John M. Sahady
Paul M. Sahady

399 North Main Street
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

October 15, 2004

W.R. Loftis, Jr., Esquire
CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101

Re:   Michael Rodio
vs.   R.J. Reynolds Tobacco Company
No:   04 CV 10006 WGY

Dear Randy:

Enclosed please find thirty-six (36) photographs that were taken of various sites where tobacco products of RJR were sold.

Very truly yours,

Michael S. Sahady

MSS/app

Enclosures

cc:   Mark Burak, Esquire

EXHIBIT A

# SAHADY ASSOCIATES, P.C.
## Counsellors at Law

399 North Main Street
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

Michael S. Sahady
John M. Sahady
Paul M. Sahady

October 25, 2004

W.R. Loftis, Jr., Esquire
CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101

Re: Michael Rodio
vs. R.J. Reynolds Tobacco Company
No: 04 CV 10006 JGD

Dear Randy:

In your letter to me of October 11, 2004, you indicated that "there are the additional documents that the plaintiff identified during his deposition and anything else that would be responsive to Interrogatories 1, 2, and 3. Once identified, the responsive documents will need to be produced". If you will specifically identify the documents you are seeking, the Plaintiff will then provide them unless privileged.

Thank you for your kind cooperation.

Very truly yours,

Michael S. Sahady

MSS/app

Cc: Mark Burak, Esquire

VIA FACSIMILE

EXHIBIT B

# CONSTANGY, BROOKS & SMITH, LLC

ATTORNEYS AT LAW
100 N. CHERRY STREET
SUITE 300
WINSTON-SALEM, NORTH CAROLINA 27101
TELEPHONE (336) 721-1001  •  FACSIMILE (336) 748-9112
IN CHARLOTTE CALL (704) 344-1040
www.constangy.com

October 25, 2004

Michael S. Sahady
399 North Main Street
Fall River, Massachusetts 02720

<u>Via Facsimile and U.S. Mail</u>
(508) 674-8430

RE: Rodio v. RJRT

Dear Michael:

I received your facsimile and the separate letter with the photographs today. I recall that Mr. Rodio testified that he had made notes of some of his conversations with management. There is also the response that he prepared to his termination in a hand written and typed draft.

While those are the documents that I recall that Mr. Rodio identified at this deposition, I still want him to supplement his answers to Interrogatories 1, 2 and 3. If he will do that, I will gladly withdraw the Motion to Compel. We have been notified that there will be a hearing on the Motion to Compel on November 1 at 2:00 P.M. I will be on a flight from Montreal at that time and Mark Burak will be asking for the hearing to be scheduled for later that week. I would hope that you can supplement the answers before the hearing so that it will be unnecessary.

I will be out of the office from noon today until Wednesday.

Very truly yours,

W.R. Loftis, Jr.

WRL,jr./te
Enc.
Cc: Mark Burak w/enclosure fax and mail

**EXHIBIT C**

ATLANTA, GA   ASHEVILLE, NC   AUSTIN, TX   BIRMINGHAM, AL   COLUMBIA, SC   FAIRFAX, VA
JACKSONVILLE, FL   KANSAS CITY, MO   LAKELAND, FL   MACON, GA   NASHVILLE, TN   TAMPA, FL   WINSTON-SALEM, NC

# SAHADY ASSOCIATES, P.C.
## Counsellors at Law

399 North Main Street
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

Michael S. Sahady
John M. Sahady
Paul M. Sahady

October 25, 2004

W.R. Loftis, Jr., Esquire
CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101

Re:  Michael Rodio
vs.  R.J. Reynolds Tobacco Company
No:  04 CV 10006 JGD

Dear Randy:

I have your fax of today in which you propose that the plaintiff further answer Defendant's Interrogatories 1, 2, and 3. If you have had a chance to look at Plaintiff's Opposition to Defendant's Motion to Compel, you would know that Plaintiff has no further information to provide.

I was prepared as a matter of courtesy to you to revisit and re-think your position and see if I could accommodate it. I am still prepared to do that, but I will not do it under the point of a gun. Since you have declined to withdraw your Motion and since I have expended time in filing an opposition and an answer thereto, I am content in letting the Court decide this issue after hearing.

If you are unable to be at Boston on the 1st, I suggest that Mark contact me on a date which will be agreeable to the Court, to you, and me.

Very truly yours,

Michael S. Sahady

MSS/app
Cc:  Mark Burak, Esquire (Via Fax)
VIA FACSIMILE

EXHIBIT D