UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL RODIO,<br><br>  Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br><br>  Defendant. | Civil Action No. 04-CV-10006-JGD |

**DEFENDANT R.J. REYNOLDS' REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Defendant R.J. Reynolds Tobacco Company ("RJR"), by and through counsel, and pursuant to Local Rule 7.1(b)(3), submits the following Reply in response to Plaintiff's Opposition to Defendant's Motion to Compel. This document addresses inaccuracies as detailed in Plaintiff's Opposition to Defendant's Motion to Compel, and supplements evidence and arguments proffered by the Defendant in its Motion to Compel and supporting Memorandum, which are incorporated by reference herein.

**INTERROGATORIES**

1.  Identify all documents, as previously defined herein, which relate to or support any of the allegations contained in the Plaintiff's Complaint?

**ANSWER:** Documents relating to my wrongful termination are all in the possession and under the control of the defendant. Please see Plaintiff's Initial Disclosures for an identification and listing of various documents related to this civil action.

## **REQUESTS FOR PRODUCTION**

1.     All documents that are identified in, substantiate, contradict or relate to any answer by Plaintiff to Defendant's First Set of Interrogatories, or any allegation contained in the complaint in this action.

**RESPONSE:** All relevant documents in possession of the plaintiff are also in the possession of the defendant and were in fact generated by the defendant. Plaintiff will provide to defendant copies of these documents as listed in Plaintiff's Initial Disclosures to the defendant and as outlined in Defendant's counsel' letter to plaintiff's counsel dated March 17, 2004.

**Defendant's Reply to Plaintiff's Opposition**:     Plaintiff contends that he answered the aforementioned interrogatory and request for production completely and without any evasion or attempt to withhold documents. This is not the case. Plaintiff has been asked on several occasions to supplement his discovery responses to reflect any additional documents that would be responsive to the Defendant's requests. Plaintiff continues to refuse to supplement his discovery responses, despite the existence of additional documents not reflected in Plaintiff's initial discovery responses to Defendant. For example, Plaintiff testified during his deposition that he had photographs evidencing that he followed company procedure with regards to store signage (Rodio depo., p. 206-207; 211-212) – an issue related to the Plaintiff's overall workplace performance, and ultimate termination. Plaintiff provided the photographs in question via correspondence dated October 15, 2004 (and attached hereto as Exhibit A), yet refuses to supplement his discovery responses to reflect these responsive documents in accordance with the Federal Rules.

Additionally, Plaintiff identified several documents responsive to the aforementioned discovery request that, despite several inquiries by defense counsel, have not been produced, nor have Plaintiff's discovery responses been supplemented to reflect the existence of said documentation[1]. Plaintiff testified that he maintained written documents during the course of his employment with RJR, including notes referencing conversations with his managers, (Rodio depo., p. 52-55; 93) and a written response to his termination. (Rodio depo., p. 215-216). Indeed, Plaintiff testified that his notes would refresh his memory on several important aspects of his testimony, (Rodio depo. P. 54-55), yet Plaintiff has refused to produce them. Plaintiff had a copy of his written response to his termination in his possession at his deposition, yet refused to provide Defendant with a copy of the same. Plaintiff also had in his possession at the deposition a notebook he maintained with information related to his employment with RJR (Rodio depo., p. 57; 101). Plaintiff has not produced the notebook or its contents.

Lastly, Plaintiff testified that he had additional documents related to this action, including documents that support his contention that he was terminated in an attempt to deny him future benefits, (Rodio depo., p. 83), "company procedures, books and things"" maintained by the Plaintiff over the course of his 26 years at RJR, (Rodio depo., p. 101), and "prebooks" that would be responsive to RJR's January 2002 evaluation of the Plaintiff, (Rodio depo., p. 176). All of the aforementioned documents were identified by Plaintiff during the course of his deposition, are clearly responsive to the discovery requests in dispute.

---

[1] Plaintiff contends in his Opposition that Defendant has been given access to all documents in his possession. This is not the case. While Plaintiff has produced some documents in response to the aforementioned discovery requests, and provided Defendant access to others during the course of Plaintiff's deposition, Plaintiff continues to refuse to produce documents clearly identified during the course of his deposition testimony, and unquestionably relevant to the instant proceedings. Additionally, Plaintiff continues to refuse to produce a number of responsive documents, including documents allegedly produced or in the possession of the Defendant.

3

In addition to documents identified by Plaintiff in his deposition testimony, Plaintiff has refused to produce or supplement his responses to reflect document responsive to the discovery requests in dispute that may have been created by, or that he believes to be in the possession of the Defendant. Plaintiff contends that because the documents sought by RJR are in the Defendant's possession or under its control, he is not required to produce them in response to properly directed discovery requests. As previously stated, this contention is not a valid objection in accordance with Fed. R. Civ. P. 26. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper arguments in a subsequent motion). Rule 26(b) of the Federal Rules of Civil Procedure allows discovery of matters not privileged that are relevant to the litigation. Fed. R. Civ. P. 26(b). This rule does not limit discovery to documents outside of the Defendant's possession or control. Such an absurd limitation has been arbitrarily imposed by the Plaintiff in this action, in clear violation of the spirit and intent of Rule 26(b).

## **INTERROGATORIES**

2.   Identify and state the complete name, address and telephone number of each person(s) whom the Plaintiff contends may have knowledge of any of the allegations contained in the Complaint, and for each person, give a detailed summary of such purported knowledge.

**ANSWER:**   Defendant and its employees are in sole possession of names, addresses, and telephone numbers of each person who may have participated in my wrongful termination. Please see letters from various former supervisors attached to plaintiff's Response to Defendant's Request for Production of Documents.

3. Identify all persons contacted by the Plaintiff, or anyone acting on behalf of the Plaintiff, including but not limited to counsel, to provide information relating to any or all allegations contained in the Complaint. For each person contacted provide a detailed summary of all information obtained, indicating whether that person provided any writing to the Plaintiff, or to anyone acting on the Plaintiff's behalf, and identify any documents identified or made available to the Plaintiff or anyone acting on the Plaintiff's behalf, including but not limited to counsel.

**ANSWER:** Plaintiff objects to this interrogatory insofar as it requests counsel's work product; nevertheless, plaintiff answers as follows:

After I was wrongfully terminated, I tried to contact my former superiors and supervisors to try to understand why I was singled out for termination when I had devoted so any faithful and loyal years to the company. The persons I contacted wrote letters in my support, copies of which are being produced with Plaintiff's Response to Defendant's Request for Production of Documents.

**Defendant's Reply to Plaintiff's Opposition**: Plaintiff has refused to supplement his responses to Interrogatories No. 2 and 3 to reflect the identity of individuals with knowledge of facts related to any allegation asserted by Plaintiff in his complaint, contending that this information is within the control and/or possession of the Defendant. Broad based statements that the substance of the requested information is in the possession of the Defendant is not a sufficient response, nor does it eliminate Plaintiff's requirement to properly answer and supplement this interrogatory when appropriate. See e.g. Blake Associates, Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 287-288 (D.Mass. 1988). (Objections that Defendant already had copies of requested documents had been overruled by this Court in earlier order, and were improper

arguments in a subsequent motion). This information is properly discoverable, and, contrary to Plaintiff's contention is indeed information properly disclosed prior to trial. Defendant is entitled to a supplementary response from Plaintiff properly identifying any individual known to him with information pertaining to the allegations in his complaint.

## ARGUMENT

Absent proper supplementation to reflect the documents recently provided, the documents yet to be produced but identified during the course of Plaintiff's deposition, or the identities of individuals with knowledge of any fact pertaining to the allegations contained in Plaintiff's complaint, Defendant has no knowledge as to whether all relevant information has been produced in response to its discovery requests, and is unable to vigorously defend itself against Plaintiff's allegations, for fear of being unfairly surprised by relevant but undisclosed evidence on the eve of trial.  The obvious purpose of the discovery provisions of the Federal Rules are to permit parties to properly investigate the claims and defenses in an action, and ultimately resolve the action on the merits. Plaintiff's refusal to either provide relevant information, or to supplement his discovery responses appropriately, frustrates that effort.

As evidenced by the pleadings in this action as well as the instant motion and supporting documentation, Defendant's discovery requests were relevant to the present action and were not overbroad or unduly burdensome. Defendant's inquiries were clearly within the scope of discoverable matter permitted by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's untimely objections and evasive responses, his refusal to provide documents responsive to Defendant's discovery requests, as well as his refusal to respond to repeated attempts to follow up with counsel for the Defendant regarding the supplementation of Plaintiff's discovery responses were unwarranted.

## **CONCLUSION**

For the reasons outlined in the Defendant's Motion to Compel and supporting Memorandum, as well as those outlined in the instant Reply, Defendant R.J. Reynolds Tobacco Company respectfully requests that the Court enter an Order compelling the Plaintiff to fully comply with Defendant's First Set of Interrogatories to Plaintiff (Interrogatories No. 1, 2, and 3) and Defendant's First Set of Requests for Production of Documents to Plaintiff (Request No. 1).

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

*/s/ Mark H. Burak*

Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
(336) 721-1001
(336) 748-9112 (facsimile)

Dated: October 27, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 27, 2004 copies of Defendant's **Reply In Response to Plaintiff's Opposition to Defendant's Motion to Compel** were served on Plaintiff's counsel by depositing a copy of the same in the United States Mail in Waltham, Massachusetts, postage prepaid, and addressed as follows:

> Michael S. Sahady, Esq.
> Sahady Associates, P.C.
> 373 North Main Street
> Fall River, Massachusetts 02720

*Mark H. Burak /ojc*
Mark H. Burak

## SAHADY ASSOCIATES, P.C.
Counsellors at Law

Michael S. Sahady
John M. Sahady
Paul M. Sahady

399 North Main Street
Fall River, MA 02720

Tel. 508-674-9444   Fax 508-674-8430

October 15, 2004

W.R. Loftis, Jr., Esquire
CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101

Re:   Michael Rodio
vs.   R.J. Reynolds Tobacco Company
No:   04 CV 10006 WGY

Dear Randy:

Enclosed please find thirty-six (36) photographs that were taken of various sites where tobacco products of RJR were sold.

Very truly yours,

Michael S. Sahady

MSS/app

Enclosures

cc:   Mark Burak, Esquire

EXHIBIT A