# EXHIBIT D



**Tobacco Company**

TO: Mike Rodio
Account: 54445

From: Division Manager, Carlo E. Fasciani

Subject: Termination of Employment - Misconduct

The purpose of this report is to document the termination of your employment due to the following:

- Misuse of Company Resources (violation of Company policy)
- Failure to follow management instructions
- Failure to satisfactorily perform job accountabilities

Prior corrective action taken to assist you in includes:

A Written Reprimand was issued to you on September 4, 2001, for failure to satisfactorily perform your job accountabilities and your failure to follow management instructions.

A Final Written Reprimand was issued to you on November 19, 2001, for failure to satisfactorily perform your job accountabilities and your failure to follow management instructions.

The following facts have resulted in the termination of your employment:

On Wednesday, October 9, 2002, I conducted a training analysis (T/A) of the 5 calls you reported contacting on Monday, October 7, 2002, and the 5 calls you reported making on Tuesday, October 8, 2002. I met with you on Wednesday October 9, 2002, for the purpose of reviewing the results of the T/A.



Calls you reported contacting on Monday, October 7, 2002:

**Cloverdale Farms, SIS 111327**
You failed to accurately record product availability, indicating 2 RJRT brands (Winston Light king and Salem Lt 100) were in stock and available for sale, wh in fact, they were not in stock. As a result of your failure to accurately record product availability, this account is scheduled to be paid contract dollars that should have been withheld. This is a misuse of Company resources- violation ( Company policy

You failed to place and maintain the appropriate VAP point-of-sale (POS) advertising and back-up discounting cards in the VAP communicator, as instructed by management. You were reminded on an August 29, 2002, Perso Performance Report (PPR) that was sent to you following our work-with, that placement of VAP POS advertising was a priority.

You failed to effectively communicate pricing related to our PRP discounting promotions. POS pricing communication in the store indicated that the RJRT discount was 60 cents off RJRT Full Price brands, when in fact, the price communication should have been listed as 75 cents off RJRT Full Price brands When I questioned you about the incorrect listing of the RJRT discount, you stated you failed to notice the incorrect pricing.

You failed to execute the Every Day Low Price (EDLP) contract requirements ir this account by not placing signage. Company guidelines were communicated a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage in contracted EDLP accounts. This was also discussed during a workplan meeting you attended on Septembe 24, 2002, and in a conference call in which you participated on August 5, 2002. reminded you following 4 previous work-withs during 2002, and I noted in Personal Performance Reports (PPR's) provided to you following those work-withs, to place and maintain signage and counter enhancements in contracted EDLP accounts. <u>Your failure to ensure that all the required components of the EDLP contract were in place (signage) resulted in this account being scheduled to receive contract bonus dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

You failed to implement new RJRT merchandising components in this account, which has been emphasized as a priority. I reminded you during a work-with I conducted with you on May 16, 2002, and noted on a PPR following that work-with, that you needed to place and maintain a VAP communicator, signage for the EDLP contractual program and new RJRT merchandising components (ligh box), as required in the RJRT contractual agreement. Since giving you specific instructions during that work-with on May 16, 2002, you still have not corrected this non-compliance situation in Cloverdale Farms. When I questioned you abou

the reason you failed to correct these non-compliance situations, you stated th the owner is difficult to deal with and you did not want to "rock the boat." <u>As a result of your failure to address these non-compliance situations, this account scheduled to be paid contract dollars that should have been withheld. This is a misuse of Company resources – violation of Company policy.</u>

**Globe Wine Company, SIS 110860**
You failed to place and maintain a VAP communicator with POS advertising a back-up discounting cards, as instructed by management.

You failed to effectively communicate pricing related to our PRP discounting promotions, as instructed by management. You were instructed to communica pricing on all 4 RJRT promoted brands, showing "dead net price" pricing and "special offer" communication. You failed to effectively communicate pricing or RJRT discounted brands, Doral and Salem, failing to list discounted prices and "special offer" communication. You failed to place a contracted counter display for Doral, which is a required component of the RJRT contractual agreement. When I questioned you about the missing contracted display, you stated that tl owner is difficult and that RJRT is the only Company under contract in the account. I reminded you that despite the fact that RJRT is the only Company w a contract in this account, that does not diminish the importance or the requirement of having the required contract components. <u>You also failed to accurately report this non-compliance, which resulted in this account being scheduled to receive contract dollars that should have been withheld. This is a misuse of Company resources – violation of Company policy.</u>

During a work-with I conducted with you on May 16, 2002, and noted in a Personal Performance Report (PPR) I provided you following that work-with, I instructed you to place a VAP communicator and new RJRT slimline merchandising components in this account, which has been a Company priorit When I questioned you about the reason you failed to place the VAP communicator and slimline merchandising component, you stated the owner is difficult to deal with and RJRT is the only Company in the store. As stated abov this is not an acceptable reason for your failure to address this non-compliance situation.

**Crosson Food Mart, SIS 262044**
You failed to accurately record product availability by reporting that 1 RJRT brand, Camel Lt Soft, was in stock and available for sale, when in fact, it was n in stock.

You failed to maintain the appropriate VAP POS advertising and back-up discounting cards in the VAP communicator, as instructed by management. An FSC 176-01, dated June 22, 2001 was sent to all Company personnel that

stated, "VAP POS advertising placement is the #1 priority on the counter". You were reminded on an August 29, 2002, Personal Performance Report (PPR) I sent to you following our work-with, that placement of VAP POS advertising was a priority.

You failed to effectively communicate pricing related to our PRP discounting promotions, as instructed by management. You were instructed to communicate pricing on all 4 RJRT promoted brands (Camel, Winston, Salem and Doral), showing "dead net price" pricing and "special offer" communication. You failed to show "special offer" communication on all 4 RJRT promoted brands.

I reminded you during a work-with I conducted with you on May 16, 2002, and noted in a PPR I provided you following that work-with, that you were instructed to maintain a VAP communicator and effective price communication to include "dead net pricing" and "special offer" communication on all 4 RJRT promoted brands in Crosson Food Mart.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage. Company guidelines were communicated i a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage in contracted EDLP accounts. This was also discussed during a work plan meeting you attended on Septembe 24, 2002, and in a conference call in which you participated on August 5, 2002. reminded you that following 4 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) you were instructed to place and maintain signage and counter enhancements in contracted EDLP accounts. <u>Your failure to ensure that all the required components of the EDLP contract were in place resulted in this accoun being scheduled to be paid contract bonus dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

### New England Farms, SIS 017740
You failed to accurately record product availability by indicating that 1 RJRT brand, Camel Wide FF, was in stock and available for sale, when in fact it was not in stock.

You failed to place the VAP POS advertising and back-up discounting cards in the VAP communicator, as instructed by management. . An FSC 176-01, dated June 22, 2001 was sent to all Company personnel that stated, "VAP POS advertising placement is the #1 priority on the counter". You were reminded on an August 29, 2002, Personal Performance Report sent to you following our work-with, that placement of VAP POS advertising is a priority.

You failed to effectively communicate pricing related to our PRP discounting promotions, as instructed by management. You were instructed to communicat pricing on all 4 RJRT promoted brands (Camel, Winston, Salem and Doral), showing "dead net price" pricing and "special offer" communication. You failed place "dead net pricing" and "special offer" communication on Salem. When I asked you about price communication for Salem, you claimed the roll price dial must have fallen down.

**Assonet Star, SIS 111362**
You failed to accurately record product availability by reporting that 1 RJRT brand, Camel Wide FF, was in stock and available for sale, when in fact, it was not in stock.

You failed to place the appropriate VAP POS advertising and back-up discounting cards in the VAP communicator, as instructed by management. A FSC 176-01, dated June 22, 2001 was sent to all Company personnel that stated, "VAP POS advertising placement is the #1 priority on the counter". You were reminded in an August 29, 2002, Personal Performance Report (PPR) sei to you following our work with, that placement of VAP POS advertising is a priority.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage and failing to maintain the everyday lowest price for Monarch in the account. USA (competitive product) cigarettes retailed for $3.85 per pack, while RJRT's Monarch retailed for $3.95 per pack. Compan\ guidelines were communicated in a Field Sales Communication letter (FSC) 24( 02 dated September 10, 2002, with instructions to place and maintain signage and maintain the every day lowest parity pricing in the EDLP accounts. This wa: also discussed during a workplan meeting you attended on September 24, 200 and in a conference call in which you participated on August 5, 2002. I remindec you following 4 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) to place and maintain signage in contracted EDLP accounts. <u>Your failure to ensure that all the required components of the EDLP contract were in place (signage and everyday lowest price) resulted in this account being scheduled to receive contract bonus dollars that should have been withheld. This constitutes misuse of Company resources which is a violation of written Company policy.</u>

You failed to effectively communicate pricing related to PRP discounting promotions, as instructed by management. You were instructed to communicate pricing on all 4 RJRT promoted brands (Camel, Winston, Salem and Doral), showing "dead net price" and "special offer" communication. You failed to place "special offer" communication for the Salem brand family.

You failed to implement new RJRT merchandising components (light boxes) in this account, which has been a Company priority. On August 16, 2002, you attended a meeting where I instructed all personnel to order and install new merchandising components, as required in the Company's contractual agreement. <u>Your failure to ensure that all the required components of the RJRT merchandising contract were in place resulted in this account being scheduled to receive contract dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

**Calls you reported contacting on Tuesday, October 8, 2002**

**Sterling Package, SIS 111333**
You failed to accurately record product availability, by indicating that 1 RJRT brand, Salem Ultra, was in stock and available for sale, when in fact, it was not in stock. You reported 2 RJRT brands, Salem Ultra 100 and Camel Turkish Gold 100, were out of stock, when in fact, they were in stock and available for sale. When I asked about these misreported brands, you stated you must have overlooked them in the overhead merchandiser.

You failed to place POS (point of sale) advertising to communicate the Winston Value Added Promotion (VAP) that was in the store. You also failed to place VAP POS advertising in the VAP communicator to support the Winston VAP promotion, and you failed to place the back-up POS advertising in the communicator, as instructed, and which has been a priority. . An FSC 176-01, dated June 22, 2001 was sent to all Company personnel that stated, "VAP POS advertising placement is the #1 priority on the counter". You were reminded on an August 29, 2002, Personal Performance Report (PPR), sent to you following our work-with, that placement of VAP POS material is a priority. You reported the placement of the Winston VAP promotion, despite the fact that you failed to place the required POS advertising. Instructions were provided in an FSC letter to all Company personnel that the reporting of a VAP display placement could only be done when an actual VAP display is placed.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage. Company guidelines were communicated in a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage in contracted EDLP accounts. This was also discussed during a workplan meeting you attended on September 24, 2002, and in a conference call in which you participated on August 5, 2002. I reminded you that, following 4 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) you were instructed to place and maintain signage in contracted EDLP accounts. <u>Your failure to ensure that all the required components of the EDLP contract were in place resulted in this account being scheduled to receive bonus</u>

contract dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).

You failed to effectively communicate pricing related to our PRP discounting promotions, as instructed by management. You were instructed to place price dials to support all 4 RJRT promoted brands (Camel, Winston, Salem and Doral), showing "dead net pricing" and "special offer" communication. Although you placed a single one-foot price dial that showed a "dead net price" for Winston, Salem and Camel, you failed to place any "special offer" communication to support the 3 RJRT full-price discounted brands. You also failed to place a price dial to show "dead net pricing" and the "special offer" communication for our Doral and Monarch display.

**Lucky Dollar Store, SIS 59879**
You failed to accurately record product availability by reporting that 3 RJRT brands (Camel Lt Soft, Camel Filter Soft and Doral Lt Menthol Box) were in stoc and available for sale, when in fact, they were not in stock. You reported 1 RJRT brand, Doral Lt, was not in stock, when in fact, it was in stock and available for sale.

You failed to place and maintain a VAP communicator on the front counter and place the appropriate VAP POS advertising and PRP discounting cards. The VAP communicator was in a non-visible location on the back bar with no point of sale (POS) advertising. When I asked about your failure to maintain the VAP communicator with the appropriate POS advertising on the front counter, you stated the counter was too cluttered. You should have resolved this situation with the retailer; and failing your ability to resolve this situation, you should have reported this to me or recorded/entered this in the notes section of your laptop computer. You failed to accurately record in the laptop computer 3 VAP displays that were displayed on the backbar set. When I questioned you about the reason you failed to report the 3 VAP displays, you stated you forgot. Instructions were provided in an FSC letter to all Company employees to report VAP displays that are displayed in retail outlets.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage. Company guidelines were communicated in a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage in contracted EDLP accounts. This was also discussed during a work plan meeting you attended on September 24, 2002, and in a conference call in which you participated on August 5, 2002. I reminded you that following 4 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) I instructed you to place and maintain signage and counter enhancements in contracted EDLP accounts. When I questioned you about your failure to place the signage and counter enhancements, you stated you had too much to do.

<u>Your failure to ensure that all the required components of the EDLP contract were in place (signage) resulted in this account being scheduled to receive contract bonus dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

**Red's Dairy Store, SIS 772322**
You failed to accurately record product availability indicating that 5 RJRT brand (Camel Lt Soft, Camel Turkish 100, Salem Slim Lt Box, Doral M 100 Box, and Winston Lt 100) were in stock and availible for sale, when in fact, they were not in stock. When I asked about the inaccurate reporting of product availability, yc stated store personnel would not let you behind the counter.

**Swidey's Variety, SIS 110536**
You failed to accurately record product availability by reporting that 8 RJRT brands (Camel Turkish 100, Doral Lt Menthol Box, Doral Men Box 100, Doral Ultra Box 100, Salem Lt 100, Salem Ultra, Salem Ul 100 and Salem King) were in stock and available for sale, when in fact, they were not in stock. When I asked you about the inaccurate reporting of product availability, you stated you thought the Doral styles were in stock, but had no explanation regarding the availability of Camel and Salem at the time you reported the call.

You failed to place the VAP POS advertising and back-up discounting cards in the VAP communicator, as instructed by management. . An FSC 176-01, dated June 22, 2001 was sent to all Company personnel that stated, "VAP POS advertising placement is the #1 priority on the counter". You were reminded in ai August 29, 2002, Personal Performance Report (PPR) I sent to you following ou August work-with that placement of VAP POS advertising was a main priority.

You failed to effectively communicate pricing related to our PRP discounting promotions, as instructed by management. You were instructed to communicate pricing on all 4 RJRT promoted brands (Camel, Winston, Salem and Doral), showing "dead net pricing" and "special offer" communication. You failed to place pricing and "special offer" POS communication for Salem.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage and failing to maintain the everyday lowest price for Monarch in this account. Wave (competitive product) cigarettes retailed for $3.52 per pack, while RJRT's Monarch retailed for $3.62 per pack. Company guidelines were communicated in a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage and maintain the every day lowest parity pricing in the EDLP accounts. This was also discussed during a workplan meeting you attended on September 24, 2002, and in a conference call in which you participated on August 5, 2002. I reminded

you that following 5 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) I instructed you to place and maintain signage in contracted EDLP accounts. <u>You failure to ensure that all the required components of the EDLP contract were in place (signage and everyday lowest price parity) resulted in this account being scheduled to receive contract bonus dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

**Vallancourt's Variety, SIS 111453**
You failed to accurately record product availability, indicating that 2 RJRT brands, Camel Wides FF and Doral Lt 100, were in stock and available for sale when in fact, they were not in stock. When I questioned you about the misreporting of product availability, you stated that the Doral product was in a VAP promotion and that you were not sure about the Camel FF Wides. According to store personnel, the store does not carry Camel FF Wides, and there was no Doral VAP promotion in the store.

You failed to place and maintain the appropriate VAP POS advertising and back up discounting cards in the VAP communicator, as instructed by management.

You failed to communicate pricing related to PRP discounting on all 4 RJRT brands, as instructed by management. You were instructed to communicate pricing on all 4 RJRT promoted brands (Camel, Winston, Salem and Doral) with price dials showing "dead net pricing" and "special offer" communication.

You failed to execute the Every Day Low Price (EDLP) contract requirements in this account by not placing signage. Company guidelines were communicated in a Field Sales Communication letter (FSC) 240-02 dated September 10, 2002, with instructions to place and maintain signage in contracted EDLP accounts. This was also discussed during a work plan meeting you attended on September 24, 2002, and in a conference call in which you participated on August 5, 2002. I reminded you following 4 previous work-withs during 2002 (as noted in Personal Performance Reports (PPR's) provided to you following those work-withs) to place and maintain signage in contracted EDLP accounts. On August 29, 2002, I specifically reminded you during a work-with I conducted with you (as noted on a PPR following that work-with) that you needed to place and maintain EDLP signage and a counter display enhancement in Vallancourt's Variety. <u>Your failure to ensure that all the required EDLP contract components were in place resulted in this account being scheduled to receive contract bonus dollars that should have been withheld. This is a misuse of Company resources (violation of Company policy).</u>

## SUMMARY

You failed to accurately record product availability in 9 of the 10 account indicating that a total of 24 RJRT brands were in stock and available for sale, when in fact, all 24 brands were not in stock and not available for sale. In 2 accounts, Sterling Package and Lucky Dollar, you failed to record product availability accurately, indicating 3 RJRT brands were out of stock, when in fact they were in stock and available for sale. When I asked you about your failure accurately report product availability by misreporting 27 RJRT brands in these ( stores, you stated, "That's not too bad." You made this statement despite all the reminders of the importance of 100% accuracy when reporting product availability.

On December 18, 2001, the Boston Region Office notified all sales personnel in the Region via an E-Mail communication that "accurate reporting c product availability is mandatory." The Written Reprimand issued to you on September 4, 2001, stated that you failed to record product availability accurate on 18 RJRT brands in 3 accounts you reported contacting. On May 16, 2002, I conducted a Training Analysis of the calls you reported contacting on May 15, 2002. The Personal Performance Report (PPR) I provided to you stated that yo failed to accurately record product availability by reporting that 33 RJRT brands were in stock and available for sale, when in fact, they were not available for sa to the consumer. When I asked about these 33 reporting errors, you stated, "Only these errors, I thought that was pretty good." The PPR (dated May 17, 2002) that was sent to you following our work-with, outlined expectations of 100% reporting accuracy of product availability. At the May 22, 2002, workplan meeting you attended, all division personnel were reminded of the importance t record product availability with 100% accuracy. As referenced in each monthly workplan sent to you from June 2002 through September 2002, 100% accuracy in reporting of product availability is noted as a priority.

In 7 of the 10 accounts you contacted (on October 7 & 8, 2002), you faile to administer RJRT's Everyday Low Price (EDLP) contract requirements (RJRT Form 9803, dated January 7, 2002), according to the program guidelines. In 2 accounts (Swidey's Variety and Assonet Star), competitive brands were priced below our brand Monarch, which is a violation of the contract agreement. You failed to record non-compliance in these two accounts, by not reporting "EDLP Requirement Not Met," as you were instructed to do during the August 5, 2002, conference call and the September 24, 2002, meeting you attended. Your failu to address this non-compliance issue constitutes misuse of Company resources which is a violation of written Company policy. In 5 accounts (Lucky Dollar, Assonet Star, Crosson Food Mart, Cloverdale Farms and Vallancourt's), you failed to follow management instruction by not placing and maintaining a counte display enhancement. In the same 5 accounts, you failed to implement contract

requirements by not executing the RJRT signage requirement. <u>Your failure to ensure that all the required components of the EDLP contract were in place (signage, everyday lowest price parity) resulted in these accounts being scheduled to receive contract bonus dollars that should have been withheld. T is a misuse of Company resources (violation of Company policy).</u>

Personal Performance Reports (PPRs) sent to you on January 24, July 30, August 29, and September 10, 2002, outlined EDLP contract requirements and reminded you to implement the EDLP contract components, particularly those related to signage requirements and maintaining RJRT's EDLP brand as the lowest price brand in the accounts. On August 5, 2002, you participated in conference call that detailed the expectations of RJRT's EDLP program that emphasized the EDLP contract requirements, signage requirements and maintaining RJRT's EDLP brand at parity pricing as the lowest price brand in th store. On September 24, 2002, you attended a meeting to outline Field Sales Correspondence 240-02, RJRT EDLP Program, dated September 10, 2002, th instructed you to meet contract requirements to include: signage requirements, and maintenance of RJRT's EDLP brand at parity pricing with the lowest price brand in the account.

You failed to place any point-of-sale (POS) advertising in the Value Adde Promotion (VAP) communicators in 4 stores contacted (Lucky Dollar, Globe Wine, Cloverdale Variety and Vallancourt's), which has been a Company priorit You failed to place and maintain back-up discounting POS advertising in all accounts you contacted, which has been a priority. You were instructed to maintain VAP POS in the communicators as the number 1 priority as outlined ir FSC 176-01, dated June 22, 2001. The Written Reprimand issued to you on September 4, 2001, included the fact that you had failed to place or maintain VAP communication vehicles in all 8 accounts contacted. Personal Performanc Reports sent to you (dated January 24, May 17, July 30, and August 29, 2002) reminded you to place and maintain the VAP communicators on the counter an reminded you to place VAP POS as a first priority. During the August 5, 2002, conference call that you participated in, VAP communication and management expectations were outlined. Specifically, you were instructed to place VAP POS as a first priority, with PRP discounting POS and a back-up discounting card as secondary priority. When I asked why you did not place VAP POS in the communicators, you claimed the stores did not have VAP promotions. Contrary to your statement, VAP promotions were on location in Lucky Dollar, Swidey's Variety, Globe Wine, Crosson Food, Sterling Variety, Cloverdale Farms, Red's Diary and New England Farms. When I asked why you did not leave back-up PRP discounting signage in the VAP communicators, you did not respond.

You failed to effectively communicate pricing related to PRP discounting in 5 o the 10 retail accounts you contacted. You failed to communicate pricing related to PRP discounting on Salem in 3 accounts (Globe Wine, New England Farms and Swidey's Variety). You failed to communicate pricing related to Doral discounting in two accounts (Globe Wine and Lucky Dollar). In Crosson Food Mart, you failed to show "special offer" communication on all 4 discounted brands. In Cloverdale Farms, you failed to note that the discount pricing was listed incorrectly as 60 cents off RJRT Full Price brands, when in fact, the price communication should have been listed as 75 cents off RJRT Full Price brands You were instructed by management on each monthly workplan(sent to all division personnel) to execute "dead net pricing" and "special offer" communication on all 4 RJRT discounted brands. Personal Performance Repor sent to you (dated January 24, May 17, and August 29, 2002) reminded you to execute "dead net pricing" and "special offer" communication on all 4 RJRT discounted brands. During the August 5, 2002 conference call in which you participated, you were instructed to execute "dead net pricing" and "special offer communication on 4 RJRT discounted brands. The Written Reprimand issued t you on September 4, 2001, included the fact that you had failed to effectively communicate pricing in 8 retail accounts you contacted, specifically, by not showing "dead net price" and "special offer" communication on 4 RJRT discounted brands. When asked about these pricing communication issues, you claimed that you thought it was "good enough" pricing.

In the Field Sales Employee Handbook that you acknowledged receiving on March 3, 2000, it states in the Employment Practices section under Corrective Action Policy that misuse of Company resources is an offense that normally results in termination of employment on the first incident. Your failure to address contract non-compliance issues in 8 of the 10 stores you reported contacting on October 7 and 8, 2002, constituted misuse of Company resources by allowing payment of contract dollars to retailers that should have been withheld.

Based on all of the above facts, your employment is being terminated effective immediately.

As of this date, I have read and discussed this report with you, and you have been given the opportunity to sign the report and attach any comments you may have. It is understood that this document will be placed in your personnel file, and that you will be given a copy for your records.

MANAGER: _____   DATE: 10/28/2002

EMPLOYEE: _____   DATE: _____

*Refused to sign on 10/28/02*

Original to Sales Employment Practices Manager, Winston-Salem
cc:   Director Region Sales