# EXHIBIT F



THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENTS OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF UNEMPLOYMENT ASSISTANCE

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LT. GOVERNOR

JANE C. E[DM]ONDS
DIRECTOR, DE[PART]MENT OF
WORKFORCE D[EVEL]OPMENT

ANGELO R. B[U]ONOPANE
DIRECTOR, DEPAR[TMEN]T OF LABOR

JOHN P. C[...]ARY
COMMISS[ION]ER

# AFFIDAVIT

I, Joseph E. Pascucci, hereby certify that I am the custodian of the records attached and that these documents pages 1 -- are true and complete records of **Division of Unemployment Assistance**. I further state that these records are kept in the normal [cour]se of business; that these records are kept in good faith that it is the regular course of the **Division of Unemployment Assista**[nce t]o make these records; these records were made prior to Mr. Rodio's signed release authorizing Sahady Associates, P.C. to obta[in c]opies of the attached unemployment records and tapes.

Signed this day under the pains and penalties of perjury.

Joseph E. Pascucci
Keeper of Records
Date: June 29, 2004

TAUNTON, MA 0: 0000C
Phone: (508) 82 6458
Fax: (617) 72 2273
TDD: (800) 43 0471

R J REYNOLDS TOBACCO CO
C/O PAYROLL TAX
PO BOX 2959
WINSTON SALEM   NC271020000

## APPEAL RESULTS

Docket: 343890                          Mail Date: JANUARY 31, 2003

Appellant: EMPLOYER                     Local Office: 39-0

| Claimant: | Date Of Determination: 12/03/02 |
|---|---|
| MICHAEL P RODIO | Hearing Request Filed: 12/10/02 |
| 32 MOUNT ST | Hearing Date: 01/29/03 |
| WRENTHAM   MA020931742 | Location Of Hearing: TAUNTON |
| SSN: 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 | |

| Employer: | Original Determination: |
|---|---|
| R J REYNOLDS TOBACCO CO | AFFIRMED    [ X ] |
| C/O PAYROLL TAX | OVERTURNED  [  ] |
| PO BOX 2959 | OTHER |
| WINSTON SALEM   NC271020000 | |
| EMP #: 00597190 | |

Appearances:

Claimant            [ X ]           Employer            [ X ]

Claimant's Rep/Attorney [ ]         Employer's Rep/Attorney [ ]    Interpreter [ ]

*************************************************************************************

**You may Appeal this Decision to the Board of Review.
The last date to file an Appeal is MARCH 3, 2003**

*************************************************************************************

Commonwealth of Massachusetts
Mitt Romney, Governor    Angelo Buonopane, Director of Department of Labor & Workforce Development
John A. King, Director Employment and Training

PAGE 1 OF 101

[Overlaid confidentiality notice: This information is confidential and for the exclusive use of the Division of Employment and Training in the discharge of its duties. This information is not admissible in any action or proceeding, except as provided in Massachusetts General Laws, Chapter 151A, section 46. The law provides that whoever discloses this information contrary to Massachusetts General Laws, Chapter 151A, section 46, or any other law shall be punished by a fine or imprisonment or both.]

DET
DIVISION OF
EMPLOYMENT
AND TRAINING

Hearings Department
Southeast Regional Offi
37 Main Street
Taunton, MA 02780
Phone: 508-824-6458
Fax: 617-727-2273
TDD: 1-800-438-0471

# DECISION

DOCKET NUMBER: 343890

## I. STATUTORY PROVISION(S) AND ISSUE(S) OF LAW:

MGL Chapter 151A, §§25(e)(1) & (e)(2) - Whether there is substantial and credible e    ence to
show that the claimant left work voluntarily with good cause attributable to the emplo   · or its
agent, or involuntarily for urgent, compelling and necessitous reasons, or by discharg   r
deliberate misconduct in wilful disregard of the employing unit's interest, or for a kno   ig
violation of a reasonable and uniformly enforced policy or rule, unless the violation w   the
result of the employee's incompetence.

## II. FINDINGS OF FACT:

1. The claimant worked as a sales representative for R.J. Reynolds Tobacco Co. fron   ct. 12,
   1976 to Oct. 28, 2002 when he was discharged. He worked full-time and was paic   out
   $1,000 a week.

2. The employer issued the claimant an employee handbook, which states that "misu   of
   company resources" is an offense that results in disciplinary action, up to and inch   ig
   termination of employment. Misuse of company resources can be any type of acti    or
   inaction that is detrimental to the employer. The resource is usually financial, but    an
   include non-financial things.

3. The employer usually follows a system of progressive discipline for misuse of con   ny
   resources, failure to follow management instructions, and failure to satisfactorily p   orm job
   accountabilities. A written reprimand followed by a final written reprimand usuall   recedes
   discharge.

This information is confidential and for the exclu   use
of the Division of Employment and Training in the d   large
of its duties. This information is not admissible in ai   ction
or proceeding, except as provided in Massachusetts   ieral
Laws, Chapter 151A, section    . The law provi    that
w       disclose  this  information  conc    to
Massachusetts General Laws, Chapter 151A, secti    16 cr
any other law shall be punished by a fine or impri   neat
or both   chusetts

Mitt Romney, Governor           Angelo Buonopane, Director of Department of Labor & Workforce
                    John A. King, Director Employment and Training     velopment
                                                            Commonwealth of Ma

PAGE 2 OF 10

DOCKET NUMBER: 343890

4. The claimant fully met the employer's expectations in the year 2000. However, performance deteriorated in 2001, in the opinion of the Division Manager. The reason(s) for the decline in performance cannot be determined. In particular, the claimant failed to accurately report product availability in the retail stores that he handled. He failed to effectively communicate pricing relating to discounting promotions. And he failed to properly place advertising signs and notices. Consequently, the employer paid stores more money than they were entitled to and lost an unspecified of money because of sales that could have otherwise been generated.

5. On Sept. 5, 2001, the employer issued the claimant a written warning for misuse company resources; failure to satisfactorily perform job accountabilities; and failure to follow management instructions. The claimant thought that the warning was unfair and the was actually entitled to a bonus for superior performance.

6. On Nov. 19, 2001, the employer issued the claimant a final written reprimand for lure to satisfactorily perform job accountabilities and failure to follow management instructions. This was primarily due to his failure to administer contracts in an accurate and timely manner. The claimant had eighty to ninety contracted accounts. The final written reprimand advised the claimant that his failure to immediately attain and sustain an acceptable level of performance would result in termination of his employment.

7. On Oct. 28, 2002, the employer discharged the claimant for misuse of company resources; failure to follow management instructions; and failure to satisfactorily perform job accountabilities. Specifically, the employer discharged the claimant for not accurately reporting product availability at various stores; for not ensuring that all of the required components of the Every Day Low Price (EDLP) contract were in place; for failing to place any point of sale (POS) advertising in the Value Added Promotion (VAP) communicators in certain stores; and for failing to effectively communicate pricing related to PRP discounting.

8. The claimant's failure to accurately record product availability in certain retail stores resulted in the employer's failure to pay the stores the proper amount of money for keeping certain brands of cigarettes in stock. The claimant tried to do the best he could. As previously indicated, the claimant had 80 or 90 contracted accounts. He was only able to visit each store about once a month.

9. Under the EDLP contracts, stores agreed to promote certain brands of cigarettes at the lowest price in the store. By not ensuring that all of the required components were in place, the employer paid unnecessary amounts of money to stores that did not actually promote the product at the lowest cost agreed to in the contract, and lost an unspecified amount of money through lost sales. In this area, the claimant also did the best he could. Sometimes competitors offer customers a better deal that they have a hard time passing up.

Mitt Romney, Governor   Angelo Buonopane, Director of Department of Labor & Workforce Development
John A. King, Director Employment and Training   Commonwealth of Massachusetts
PAGE 3 OF 10

DOCKET NUMBER: 343890

10. Because POS advertising was not properly placed, stores were paid the contract c    ars to
    which they were not entitled and the employer may have lost sales. However, no     l
    advertising was within the claimant's control. Again, he did the best he could un   the
    circumstances.

11. The claimant received detailed instructions regarding pricing on several occasion   Because
    of improper pricing, stores were not paid the amount of money to which they wer    ntitled.
    Such failure was due in part to the claimant's inability to get all of the necessary    is. It
    could have also been due to computer problems and actions by competitors.

### III.    CONCLUSIONS & REASONING:

Both parties attended the hearing.

The claimant did not leave work voluntarily. Therefore, Section 25(e)(1) of the Law      is not
apply to this case.

The employer discharged the claimant for misuse of company resources; failure to fo      v
management instructions; and failure to satisfactorily perform job accountabilities.

The employer's policies that prohibit misuse of company resources; require employee      follow
management instructions; and satisfactorily perform their job accountabilities, are so    ue that
they do not define the type of behavior that is prohibited. As a result, they cannot be    ly
considered rules or policies. Therefore, this case cannot be analyzed under the knowi
violation standard of the law. Instead, the facts must be analyzed under the deliberate
misconduct standard.

The employer's expectations that sales representatives accurately report product avail    lity;
ensure that all of the required components of EDLP contracts are in place; place POS     ertising
in the VAP communicators; and effectively communicate pricing related to PRP disco      ting are
reasonable. The claimant was aware of the employer's expectations. However, he di        ot
deliberately fail to meet the employer's expectations. Inasmuch as it cannot be establ    d that
the discharge was attributable to deliberate misconduct in wilful disregard of the emp    ng
unit's interest, the claimant is not subject to disqualification under Section 25(e)(2) of  Law.

This information is confidential and for the exclusiv
of the Division of Employment and Training in the disc
of its duties. This information is not admissible in any
or proceeding, except as provided in Massachusetts Ge
Laws Chapter 151A...

DOCKET NUMBER:   343890

IV.   **DECISION:**

The determination is affirmed. The claimant is entitled to benefits for the week ending Nov. 2, 2002 and subsequent weeks, if otherwise eligible.

HEARINGS DEPARTMENT

BY:   Ronald N. Martell - rs
      **REVIEW EXAMINER**

**COPIES TO:**

Claimant
Claimant's Attorney
Employer
File

This information is confidential and for the exclusive use of the Division of Employment and Training in the discharge of its duties. This information is not admissible in any action or proceeding, except as provided in Massachusetts General Laws, Chapter 151A, section 46. The law provides that whoever discloses this information contrary to Massachusetts General Laws, Chapter 151A, sec 46 or any other law shall be punished by a fine or imprisonment or both.

Mitt Romney, Governor    Angelo Buonopane, Director of Department of Labor & Workforce Development    Commonwealth of Massachusetts

PAGE 5 OF 10