# EXHIBIT G

```
                                        PAGES  1 to 63

                                        EXHIBITS See Index

         COMMONWEALTH OF MASSACHUSETTS

    MASSACHUSETTS DIVISION OF EMPLOYMENT AND TRAINING
                        Docket No. 343890


    MICHAEL P. RODIO,                    )
         Claimant,                       )
                                         )
              and                        )     ORIGINAL
                                         )
    R.J. REYNOLDS TOBACCO CO.,           )
         Appellant.                      )




                         BEFORE:
                         Ronald N. Martell, Review Examiner
                         Hearings Department, Southeast Region
                         37 Main Street
                         Taunton, Massachusetts 02780
                         January 29, 2003, 12:00 p.m.
                         (Hearing takes place via telephone
                         conferencing)



              DeTerra Reporting Services
                    One Bow Drive
              Acushnet, Massachusetts 02743
           Tel. (508) 763-2542  Fax (508) 763-3521
```

```
 1  APPEARANCES:

 2

 3          South Middlesex Legal Services
               (by Richard Patterson, Esq. )
 4          354 Waverly Street
            Framingham, Massachusetts 01702
 5          for the Claimant.

 6          R.J. Reynolds
               (by Rebecca Wheeden, Senior unemployment
 7          compensation analyst)
            P.O. Box 2959
 8          Winston Salem, North Carolina 27102
            for Appellant/Employer.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1              MR. MARTELL:            lling
 2   81-508-620-1830. This is Ronald Martell from the
 3   Massachusetts Division of Employment and Training.
 4   I'd like to speak to Richard Patterson. This is
 5   regarding a telephone hearing for Michael Rodio.
 6              THE RECEPTIONIST: Please hold.
 7              MR. PATTERSON: Hello, this is
 8   Mr. Patterson.
 9              MR. MARTELL: This is Ronald Martell
10   from the Massachusetts Division of Employment and
11   Training. I'm calling regarding the telephone
12   hearing regarding Michael Rodio.
13              MR. PATTERSON: Okay.
14              MR. MARTELL: And do you have
15   Mr. Rodio with you?
16              MR. PATTERSON: He's here, too.
17              MR. MARTELL: Now, can you hold on
18   and I'll see if I can reach his former employer on
19   the other line. If we get disconnected, just hang
20   up and I'll try to reach you again, but hopefully
21   this should work out all right. Just one minute,
22   please.
23              I'm now calling 81-336-741-6802.
24   I'm calling 823-8466.
```

5

1  MS. WHEEDON: Rebecca Wheedon.
2  MR. MARTELL: Hello, Miss Wheedon.
3  This is Ronald Martell from the Massachusetts
4  Division of Employment and Training. I'm calling
5  regarding the telephone hearing for Michael Rodio.
6  I have Mr. Rodio and his attorney on the other
7  line, and now can I -- can you hold on and I'll see
8  if I can connect both of you?
9  MS. WHEEDON: Can you repeat your
10 last name for me, please?
11 MR. MARTELL: It's Martell,
12 M-A-R-T-E-L-L. I'll connect both of you. Excuse
13 me.
14 MS. WHEEDON: All right.
15 MR. MARTELL: Mr. Patterson, can you
16 hear me all right?
17 MR. PATTERSON: Yes.
18 MR. MARTELL: And can you hear me
19 all right, Miss Wheedon?
20 MS. WHEEDON: Yes.
21 MR. MARTELL: Yes. Now, were you
22 supposed to contact a witness?
23 MS. WHEEDEN: Yes. A Mr. Fasciani.
24 MR. MARTELL: Yes, okay.

6.

```
 1              MS. WHEEDEN:  Yes, if you would hold
 2   please and I'll patch him into the call.
 3              MR. MARTELL:  Hello.  Mrs. Wheedon
 4   is supposed to be contacting Mr. Fasciani.
 5              MS. WHEEDON:  Mr. Fasciani?
 6              MR. FASCIANI:  Here.
 7              MR. MARTELL:  Are you there,
 8   Mr. Fasciani?
 9              MR. FASCIANI:  Yes, I am.
10              MR. MARTELL:  And what is your
11   title, sir?
12              MR. FASCIANI:  Division sales
13   manager.
14              MR. MARTELL:  Okay.  And your title,
15   Miss Wheedon, is senior unemployment compensation
16   analyst?
17              MS. WHEEDON:  Yes.
18              MR. MARTELL:  Now, Mr. Patterson,
19   now what is your -- what address do you want the
20   decision to go to?
21              MR. PATTERSON:  South Middlesex
22   Legal Services, 354 Waverly Street.
23              MR. MARTELL:  I'm sorry.  What is
24   the address again?
```

```
 1                  MR. PATTERSON:  354 Waverly,
 2   W-A-V-E-R-L-Y, Street
 3                  MR. MARTELL:  Yeah.
 4                  MR. PATTERSON:  Framingham 01702
 5                  MR. MARTELL:  I'm sorry, the zip
 6   code, 0 --
 7                  MR. PATTERSON:  1702
 8                  MR. MARTELL:  017 -- 01702?
 9                  MR. PATTERSON:  Correct.
10                  MR. MARTELL:  Now, you have
11   Mr. Rodio with you.  And now my name is Ronald
12   Martell, and I'm the review examiner in this case.
13   The hearing of course is being tape recorded, and
14   the tape recorder's on now, and your testimony will
15   be under oath.
16                  And now did you receive copies of
17   the exhibits in the mail, Mr. Patterson?
18                  MR. PATTERSON:  Yes, we did.
19                  MR. MARTELL:  Now, there were some
20   exhibits that I didn't mark because they just
21   appeared to be letters of recommendation, but there
22   was some additional exhibits that were sent that I
23   did mark.  Now, the additional exhibits were sent
24   on a later date, and they include the -- a 1998
```

```
 1   annual evaluation, 2000 evaluation, a -- now, this
 2   looks like -- something, this is a -- this looks
 3   like a written reprimand dated September 5, 2001,
 4   and a written reprimand dated November 19, 2001.
 5   Did you receive those exhibits, also,
 6   Mr. Patterson?
 7               MR. PATTERSON:  Yes.
 8               MR. MARTELL:  Okay.  And so -- you
 9   have all the exhibits, also, Miss Wheedon?
10               MS. WHEEDEN:  Yes.
11               MR. MARTELL:  Okay.  So after I --
12   well now in this particular case, it doesn't appear
13   that the claimant's separation was voluntary, so
14   the issue to be heard should be whether or not his
15   discharge was due to deliberate misconduct and
16   willful disregard of his (inaudible) or due to a
17   known violation of a reasonable and uniformly
18   enforced employer rule or policy.  So after I
19   begin, I have to go through a brief formal opening
20   ceremony, then I'll have to swear in Mr. Rodio,
21   Miss Wheedon, and Mr. Fasciani and have you all
22   state your names for the record and then read the
23   exhibits into the record and verify some basic
24   claimant data and then we'll go directly into the
```

```
 1  employer's testimony regarding the reason for
 2  separation.
 3            And which of you will be testifying
 4  first for the employer?  Will it be you, Miss
 5  Wheedon, or you, Mr. Fasciani?
 6            MS. WHEEDEN:  It would be
 7  Mr. Fasciani.
 8            MR. MARTELL:  Mr. Fasciani.  Okay.
 9  And you'll be able to testify, also.  And then
10  you'll be cross-examined by the claimant's
11  attorney, Mr. Patterson, and then the claimant will
12  testify and he'll be questioned by his attorney,
13  and then following that, the employer also has a
14  right of cross-examination, and which of you will
15  be handling the cross-examination, direct
16  examination for the employer?
17            MS. WHEEDEN:  I would be doing that.
18            MR. MARTELL:  Okay, Miss Wheedon
19  And you'll be able to question Mr. Fasciani, also,
20  Miss Wheedon.
21            MS. WHEEDEN:  All right.
22            MR. MARTELL:  And I'll be asking
23  questions, also, as we go along, so if you're
24  ready, we'll begin.  Are you ready for me to begin,
```