UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL RODIO,

        Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,

        Defendant.

Civil Action No. 04-CV-10006-JGD

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF MICHAEL RODIO

    Defendant R. J. Reynolds Tobacco Company ("Reynolds") moves to strike certain portions of the Affidavit of Michael Rodio submitted with the Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Paragraphs 4-6, 9, 11, and 15-17 conflict with Rodio's deposition testimony; and Paragraphs 12, 14-17 inaccurately summarize exhibits that speak for themselves.

    Paragraphs 4-6, 9, 11, and 15-17 pertain to the Minimum-Price Theory and the Advertising Theory. In his Affidavit, Rodio contends that he was affirmatively instructed to force employers to sell Monarch below the state minimum price. See Rodio Aff., ¶¶4-6, 9, 16. This was not Rodio's deposition testimony.[1] At his deposition, Rodio testified that he was told to simply remove an account from the EDLP program if the account would not or could not

---

[1] Rodio did testify conclusorily in his deposition that he was terminated because of his failure to force retailers to sell Monarch below the state minimum price. Stmt, ¶57. However, this was a conclusory statement. When pressed for details, he made it clear that he was never instructed to do so. Id., ¶57, 63.

comply with the program guidelines.  Stmt, ¶57.[2]  He testified that the retailer had the option of selling the Reynolds brands per the terms of the EDLP contract, or declining or terminating the EDLP contract.  Id.  Rodio's deposition testimony in this regard was consistent with his many written rebuttals to disciplinary documentation, none of which mentioned or alluded to minimum-price laws.  Id., ¶¶59-60, 63.

As with the Minimum-Price Theory, Rodio's Advertising Theory testimony conflicts with his deposition testimony.  In his affidavit, he cites "numerous stores" in which he failed to place advertising on countertops, but in his deposition, he admitted that the "five-foot requirement" was never an issue before December 2001, after he was already on a final warning.  Stmt., ¶¶35, 37, 73.

Finally, Paragraphs 12, and 14-17 of Rodio's Affidavit inaccurately summarize the exhibit that they purport to describe.  The October 28, 2002, termination letter details 12 single-spaced pages of performance deficiencies, yet Rodio zeroes in approximately four lines that he thinks support his theories.  Rodio Aff., ¶¶12, 14-17.

Both Rodio's conflicts with prior deposition testimony and his misrepresentations of the contents of his termination letter render his affidavit a "sham," which should not be considered by the court.  See, e.g.,  Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 5 (1st Cir. 1994) ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed"); Mahan v. Boston Water and Sewer Commission, 179 F.R.D. 49, 53 (D. Mass. 1998) ("The purpose of this sham affidavit rule is to protect the integrity of summary judgment. . . . If a party simply could offer a

---

[2] Because Rodio failed to submit his own Local Rule 56.1 Statement of Material Facts as to Which No Genuine Dispute Exists, all references to "Stmt" refer to the Statement submitted by Reynolds with its Motion for Summary Judgment.

contradictory, post-deposition affidavit to defeat summary judgment without providing a 'satisfactory explanation' for the contradiction, the purpose of summary judgment would be defeated"). Cf. Lowery v. Airco, Inc., 725 F. Supp. 82, 85-86 (D. Mass. 1989) (stating general rule but finding no conflict between plaintiff's deposition testimony and his affidavit). The rule in the First Circuit is in accord with other federal circuits. See, e.g., Mahan, cases cited at 52.

## CONCLUSION

Rodio cannot salvage his fatal deposition testimony by belatedly submitting an affidavit that conflicts with prior testimony that he provided under oath and with his attorney present, and that misrepresents exhibits that are already in evidence in their entirety. For all of these reasons, Defendant R. J. Reynolds Tobacco Company respectfully requests that its Motion to Strike Portions of Affidavit of Michael Rodio be granted.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

/s/ Mark H. Burak
Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
(336) 721-1001

Dated:  September 29, 2005

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on September 29, 2005

                                                <u>/s/ Mark H. Burak              </u>