UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL RODIO,

                        Plaintiff,

        v.                                              Civil Action No. 04-CV-10006-JGD

R.J. REYNOLDS TOBACCO COMPANY,

                        Defendant.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE PORTIONS OF PLAINTIFF'S SUMMARY JUDGMENT OPPOSITION

        Defendant R. J. Reynolds Tobacco Company ("Reynolds") moves to strike certain

portions of the Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary

Judgment; specifically, (1) the entire section entitled "Decision of the Mass. [sic] Department of

Labor and Work Force Development, Division of Employment and Training," pp. 14-17

(hereinafter referred to as "the Unemployment Section"; and (2) Exhibit G.

        The Unemployment Section contains discussion of evidence that was presented at

Rodio's unemployment hearing.  Exhibit G is an excerpt of the testimony at that hearing.  This

evidence is clearly confidential and is protected by an absolute privilege.  See G.L. c. 151A §46,

which states as follows:

        (a) Except as provided in this section, information secured pursuant to this chapter
        is confidential and for the exclusive use and information of the department in the
        discharge of its duties.  Such information is not a public record nor admissible in
        any action or proceeding, except as provided in this section.  This information is
        absolutely privileged and shall not be made the subject matter or basis in any
        action of slander, libel or emotional distress.

Subsection (b) sets forth a number of exceptions, none of which apply in this case.  See also

Tuper v. North Adams Ambulance Service, Inc., 428 Mass. 132, 137, 697 N.E.2d 983, 986-87

(1998) (affirming trial court's decision to exclude evidence of unemployment proceedings):

"General laws c. 151A, §46, provides that, with certain exceptions not relevant here, information

secured pursuant to this chapter is confidential, is for the exclusive use and information of the

department in the discharge of its duties, is not a public record, and may not be used in any

action or proceeding."  Disclosure in violation of the statute is a misdemeanor.  G. L. c. 151A,

§46(e).

Notwithstanding the confidential nature of unemployment proceedings, Reynolds does

not object to admission of the unemployment transcript, provided that the Court considers the

entire transcript rather than the selective portions that Rodio quotes and attaches.  If the Court is

inclined to admit evidence of the unemployment hearing, Reynolds respectfully requests that it

be notified and allowed to submit the entire transcript – or, if the Court prefers, relevant excerpts.

For the reasons stated above, Defendant R. J. Reynolds Tobacco Company respectfully

requests that its Motion to Strike Portions of Plaintiff's Summary Judgment Opposition be

granted.

Respectfully submitted,

R.J. REYNOLDS TOBACCO COMPANY

By its attorneys,

/s/ Mark H. Burak
Mark H. Burak, BBO# 558805
Sandra E. Kahn, BBO # 564510
Morse, Barnes-Brown & Pendleton, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

OF COUNSEL:

W.R. Loftis, Jr., N.C. Bar No. 2774
Kristine M. Howard, N.C. Bar No. 26903
Candice S. Wooten, N.C. Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC   27101
(336) 721-1001

Dated:  September 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on September 29, 2005

/s/ Mark H. Burak