UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL RODIO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 04-10006-JGD |
| | ) | |
| R.J. REYNOLDS | ) | |
| TOBACCO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANT'S MOTIONS TO STRIKE

January 5, 2006

DEIN, U.S.M.J.

The plaintiff, Michael Rodio ("Rodio"), has brought this action against his former

employer, R.J. Reynolds Tobacco Company ("Reynolds"), claiming that he was wrong-

fully terminated after twenty-six years of employment with the defendant. The matter is

presently before this court on Reynolds' Motion for Summary Judgment (Docket No. 32).

In connection with its motion for summary judgment, Reynolds has filed "Defendant's

Motion to Strike Portions of Affidavit of Michael Rodio" (Docket No. 39) challenging ten

paragraphs of an affidavit that Rodio submitted in opposition to Reynolds' motion for

summary judgment. Additionally, Reynolds has filed "Defendant's Motion to Strike

Portions of Plaintiff's Summary Judgment Opposition" (Docket No. 41), by which

Reynolds is seeking an order striking a section of the plaintiff's brief in opposition to

Reynolds' motion for summary judgment, as well as plaintiff's Exhibit G. For the

reasons detailed herein, Reynolds' motion to strike portions of the Rodio affidavit is DENIED, and its motion to strike portions of the plaintiff's opposition to summary judgment is ALLOWED IN PART and DENIED IN PART in that Exhibit G is stricken.

### A.     Reynolds' Motion to Strike Portions of the Rodio Affidavit

In support of his opposition to Reynolds' motion for summary judgment, Rodio submitted the "Affidavit of Michael Rodio" (Docket No. 37, Ex. B).  Reynolds has moved to strike paragraphs 4-6, 9, 11-12 and 14-17 of the affidavit.  As grounds for its motion, Reynolds argues that paragraphs 4-6, 9, 11 and 15-17 conflict with Rodio's deposition testimony, and that paragraphs 12 and 14-17 inaccurately summarize the substance of an October 28, 2002 letter in which Reynolds terminated Rodio's employment.  This court does not find that there is such a direct conflict between Rodio's affidavit and his deposition testimony to warrant striking portions of his affidavit.  Furthermore, this court finds that Reynolds has not presented a sufficient basis for striking Rodio's statements regarding the termination letter.

### Conflict with Prior Deposition Testimony

Reynolds asserts that in paragraphs 4-6, 9 and 16 of his affidavit, "Rodio contends that he was affirmatively instructed to force employers to sell [Reynolds' product] Monarch below the state minimum price."  Reynolds' Mem. at 1.[1]  Reynolds argues that this conflicts with Rodio's deposition testimony, in which the plaintiff testified that "he

---

[1] "Reynolds' Mem." refers to Reynolds' Memorandum in Support of Defendant's Motion to Strike Portions of Affidavit of Michael Rodio (Docket No. 40).

was told to simply remove an account from the [Every Day Low Price ("EDLP")] program if the account would not or could not comply with the program guidelines . . . [and] that the retailer had the option of selling the Reynolds brands per the terms of the EDLP contract, or declining or terminating the EDLP contract." Id. at 1-2.

The affidavit is not contradicted by Rodio's deposition testimony. In his deposition, Rodio testified, inter alia, that his supervisor encouraged him to enforce Reynolds' pricing policy "at a lower price than state minimum." Rodio Dep., Vol. 1 at 193.[2] This testimony is consistent with paragraph 9 of the affidavit, in which Rodio states that when he expressed to his supervisor his "concerns about lowering the price of Monarch to a level below the State minimum[,]" his supervisor "responded that [Rodio] was to do it regardless of the State requirement." Rodio Aff. ¶ 9. He also testified at his deposition that he was reprimanded if the Monarch price was higher than the price of a competing product, and that "the pricing that we were encouraging is below state minimum." Rodio Dep., Vol. 1 at 197, 199. This testimony does not directly conflict with Reynolds' interpretation that in paragraphs 4-6 and 16, Rodio contends that he was specifically instructed to force retailers to sell Monarch below the state minimum price.

Furthermore, although, as Reynolds argues, Rodio did testify in his deposition that he could cancel the retailer's contract with Reynolds if the retailer could not comply with Reynolds' pricing policies, Rodio also testified that by encouraging the retailers to match

---

[2] "Rodio Dep." refers to Rodio's deposition testimony, which is set forth in Exhibit E to the Defendant's Appendix of Summary Judgment Materials (Docket No. 35).

the lowest price in the store, Reynolds sales personnel were encouraging the retailers to drop the price of Monarch below the state minimum price. <u>See</u> Rodio Dep. Vol. 1 at 218-19. That testimony also is consistent with Rodio's affidavit, in which Rodio describes how he was instructed to maintain the price of Monarch below the price of a competing brand without regard to the fact that the competing brand was priced lower than the state minimum requirement for Monarch. Rodio Aff. ¶¶ 10-11. Accordingly, the motion to strike paragraphs 4-6, 9, 11 and 16 of Rodio's affidavit regarding Reynolds' pricing policy is denied.

Reynolds also argues that statements in the affidavit regarding Reynolds' advertising requirements conflict with Rodio's deposition testimony because "[i]n his affidavit, he cites 'numerous stores' in which he failed to place advertising on counter-tops, but in his deposition, he admitted that the 'five-foot requirement' was never an issue before December 2001, after he was already on a final warning." Reynolds' Mem. at 2. Rodio's reference to "numerous stores" in his affidavit concerns the October 28, 2002 letter in which Reynolds terminated Rodio's employment with the company. Specifically, Rodio states in his affidavit that when he was fired, his supervisor cited "numerous stores in which [Rodio] had failed to place the advertising on counters that were lower than 5 feet off the ground." Rodio Aff. ¶ 17. In fact, in the termination letter, the defendant listed a number of stores in which Rodio had allegedly failed to place advertising on the counter. <u>See</u> Pl.'s Appendix (Docket No. 37), Ex. D. Therefore, the reference to "numerous stores" in the affidavit accurately reflects the contents of the

-4-

termination letter.  Reynolds has not shown how Rodio's statements regarding the termination letter create a conflict with his deposition testimony.

"It is settled that '[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.'"  <u>Torres v. E.I. Dupont de Nemours & Co.</u>, 219 F.3d 13, 20 (1st Cir. 2000) (quoting <u>Colantuoni v. Alfred Calcagni & Sons, Inc.</u>, 44 F.3d 1, 4-5 (1st Cir. 1994)).  However, an affiant may clarify or augment prior testimony without running afoul of this "sham affidavit rule."  <u>See</u> <u>Mahan v. Boston Water & Sewer Comm'n</u>, 179 F.R.D. 49, 53-55 (D. Mass. 1998).  That is the situation here.  <u>See</u> <u>Lowery v. Airco, Inc.</u>, 725 F. Supp. 82, 85-86 (D. Mass. 1989) (no direct conflict between expert's deposition testimony and summary judgment affidavit).  Accordingly, the motion to strike portions of Rodio's affidavit on the basis that the affidavit is inconsistent with prior deposition testimony is DENIED.

### Inaccurate Description of Exhibit

Next, Reynolds argues that paragraphs 12 and 14-17 of Rodio's affidavit inaccurately summarize the October 28, 2002 termination letter because the letter "details 12 single-spaced pages of performance deficiencies, yet Rodio zeroes in [on] approximately four lines that he thinks supports his theories."  Reynolds' Mem. at 2.  Rodio's focus on some but not all of the reasons for his termination is appropriate and does not directly conflict with the substance of the termination letter.  The paragraphs at issue in

Rodio's affidavit focus on two of the reasons that Reynolds terminated Rodio, namely, Rodio's failure to maintain certain advertising on retailers' counters and Rodio's failure to enforce Reynolds' pricing policy. The termination letter describes various instances where Reynolds determined that Rodio failed to comply with these requirements, and in the letter Reynolds makes clear that its decision to terminate Rodio was based, in part, on these particular deficiencies. The fact that Rodio does not directly address the remaining reasons for his termination that are discussed in the letter does not render his affidavit testimony inconsistent with the letter and does not support the motion to strike. To the extent, if any, that paragraphs 12 and 14-17 of the affidavit assert conclusions without a factual basis, this court will not credit them. See Galloza v. Foy, 389 F.3d 26, 28 (1st Cir. 2004) (court will not consider "conclusory allegations" in evaluating motion for summary judgment). The court can make this assessment and the paragraphs do not need to be stricken.

### B.     Reynolds' Motion to Strike Portions of Summary Judgment Opposition

Reynolds also has moved to strike a section of the "Plaintiff's Opposition to Defendant's Motion for Summary Judgment" that is set forth on pages 14-17 of the brief and is entitled "Decision of the Mass. Department of Labor and Work Force Development, Division of Unemployment and Training" (the "Unemployment Section"). It also has moved to strike Exhibit G of the plaintiff's exhibits in support of his opposition, which consists of excerpts of a hearing before the Massachusetts Division of Employment and Training ("DET"). In the Unemployment Section, Rodio argues that the DET's

finding in connection with Rodio's application for unemployment benefits that Rodio's discharge from Reynolds' employment was not attributable to deliberate misconduct should preclude, based on <u>res judicata</u>, further litigation here with respect to whether Rodio's termination violated the implied covenant of good faith and fair dealing. Reynolds argues that this section of Rodio's brief, as well as Exhibit G, should be stricken because evidence that was presented at the unemployment hearing is confidential and protected by an absolute privilege under Massachusetts law.

"General Laws c. 151A, § 46, provides that, with certain exceptions not relevant here, information secured pursuant to this chapter [pertaining to unemployment insurance] is confidential, is for the exclusive use and information of the [DET] in the discharge of its duties, is not a public record, and may not be used in any action or proceeding." <u>Tuper v. North Adams Ambulance Serv.</u>, 428 Mass. 132, 137, 697 N.E.2d 983, 987 (1988). Therefore, pursuant to Mass. Gen. Laws c. 151A, § 46, information obtained by the DET during Rodio's unemployment hearing and set forth in the hearing transcript is inadmissible in this action. <u>See id.</u> at 134, 137, 697 N.E.2d at 985, 986-87 (lower court did not err by granting motion to preclude evidence of DET decision, as well as any reference to the proceedings before the DET). However, this court finds that the Unemployment Section of Rodio's brief does not contain any evidence or other substantive information secured by the DET in connection with Rodio's unemployment proceeding. Accordingly, this court will strike Rodio's Exhibit G, but Reynolds' motion to strike is otherwise denied.

For the foregoing reasons, the "Defendant's Motion to Strike Portions of Affidavit of Michael Rodio" (Docket No. 39) is DENIED and the "Defendant's Motion to Strike Portions of Plaintiff's Summary Judgment Opposition" (Docket No. 41) is ALLOWED IN PART and DENIED IN PART in that Exhibit G is stricken.


                                        / s / Judith Gail Dein
                                        Judith Gail Dein
                                        United States Magistrate Judge